No. 2935.—SUCCESSION OF GROSS.—Administration and Tutorship of the Minor Heirs.

<div style="float:right">23   105<br>50   977</div>

A tutor is not entitled to charge the estate of his wards with board, if it be shown that they, the minors, were rendering him services in his house in attending to his household affairs, during the time he had them under his charge, to an amount sufficient to compensate him for their board.

Private books, kept by the tutor of amounts of money furnished and given to his wards, do not make proof in behalf of the tutor who has kept them. C. C. 2249.

A tutor who has property of his wards under his charge which yields a revenue, is personally liable, if he fails to collect the rent as it becomes due. The tutor also owes five per cent. per annum on all sums of money in his hands belonging to his wards which he has failed to invest. Sec. 3826, Revised Statutes of 1870.

The tutor is entitled to charge ten per cent. on the amount of the revenues of his wards as a commission for administering their estate.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *A. Commandeur* and *Cotton & Levy*, for the Tutor, appellant. *D. C. Labatt* and *K. L. Preston*, for the Heirs, appellees.

TALIAFERRO, J. This controversy has grown out of the administration of the successions of Henry Gross and wife and the tutorship of their minor children. Gross died in July, 1860; his wife some years previous. John Ulmer was both administrator and tutor. He filed his accounts of administration on the sixth of June, 1866, which seems to have been duly advertised and regularly homologated, no opposition having been made. By this account, it appears the administrator had in hand as assets of the estate $4788 25, out of which he paid the debts, amounting to $1618 14, leaving a net balance of $3170 11. There were three minors, two girls and a boy. The property consisted of a house and lot of ground in the parish of Jefferson, a house and lot of ground in the upper part of the city of New Orleans, and $3170 11 in the hands of the tutor. In January, 1870, the youngest of these wards, Henry, having attained the age of eighteen years, was emancipated. The administrator and tutor was required to make final settlements and put the heirs in possession of their property. His account was filed in May following. By this account it appeared that the total amount collected and received by the administrator and tutor was $6234 29, and the total sum paid out $9707 75, showing an excess of $3473 46 over the assets. This account was opposed by the heirs, and a protracted litigation ensued. The judge *a quo* sustained to a great extent the opposition to the account, and rendered a judgment greatly reducing the charges of the tutor and establishing a balance against him. From the judgment thus rendered the tutor has appealed.

The real estate, it is shown, has yielded a revenue since the death of the minors' parents, which the district judge found, from the voluminous evidence introduced, to amount on an average to $450 per annum, and that the sum of $1436 36 cash in hands of the tutor might.

14

have produced one hundred dollars per annum more, had the tutor invested it, as was his duty to do by law. The minors' revenue would then have been $550 per annum. The charges made by the tutor for board and money furnished the minors constitute the items principally reduced. The charge for board was properly rejected *in toto*. The evidence is conclusive that from the commencement of the tutorship, the minors, and especially the two girls, were able to render and did render services in the house of the tutor while with him, and during a part of the time they lived with other families on service at small wages. It is shown that their services were amply worth their board. In like manner it seems to be shown that the boy was by his services able to compensate the expense of board. The charges for money furnished the minors are not fully sustained by the evidence. These charges the tutor aimed to establish by the exhibition of an account book kept by him and by other evidence. To the introduction of this private book of the tutor an objection was made, but it was overruled by the judge, and a bill of exceptions reserved. We think the exception should have been sustained. Domestic or private books do not make proof in behalf of those who have written them. C. C. 2249 [2245]. The oral testimony in regard to the money charged by the tutor is exceedingly contradictory and uncertain. It being fully proved that by proper economy in his administration, the tutor might have avoided expending the least part of the capital of his wards, his exhibit of a large balance against them is manifestly wrong and was justly rejected. He was properly charged, also, with the rent of the property for two years which he failed to collect. By the judgment of the court below the tutor was held liable for the following amounts received during his administration: $1436 36 received from the succession, $5487 received in rents of property, the aggregate being $6923 36. This sum he is condemned to pay after deducting the various credits allowed; the remainder to bear interest at five per cent. per annum after judicial demand. The tutor is also condemned to pay interest at eight per cent. per annum on $1436 36, the amount not invested, from August, 1860, until paid.

The judgment is erroneous as to the rate of interest the tutor should be required to pay. Five per cent. by the present law is fixed as the rate of interest tutors are bound to pay on money of their wards not invested by tutors, as required by law. C. C. 347 [341]. Revised Statutes, page 744, Sec. 3826.

There is an omission by the judge *a quo* in not awarding the tutor his commissions. In respect to the rate of interest prescribed by law to be paid by tutors where they fail to invest the money funds, and in regard to the commissions of the tutor in this case the judgment should be amended.

It is therefore ordered, adjudged and decreed, that the judgment, so far as it decrees the tutor to pay eight per cent. per annum on $1436 36, be annulled and reversed. It is further ordered, that the tutor be condemned to pay on the said sum of $1436 36, interest at five per cent. per annum from August, 1860, until paid; and that he be allowed ten per cent. commissions on the amount of the minors' revenues, to be deducted as a further credit from the sum fixed by the court below as due by the tutor to the minors; that, as thus amended, the judgment of the lower court be affirmed.

Rehearing refused.