————O————

HENRY WATSON, Appellant, *vs.* C. C. HAWKINS, *et al.*, Respondents.

1. *Practice, civil—Want of knowledge, etc.—What pleading as to, insufficient.—* The mere averment that the pleader "does not know" whether a certain state of facts exists, without more, is an insufficient denial under the practice act. (Wagn. Stat., 1015, § 12.)

2. *Practice act—Replication—Latitude of denial allowed in.—*Under the statute, (Wagn. Stat., 1017, § 15) it would seem that plaintiff in his replication is not allowed that latitude of indirect denial which is permitted to the defendant.

3. *Suit to foreclose deed of trust—Prior foreclosure—Judgment on note, notwithstanding.—*Although, in suit to foreclose a deed of trust given to secure a note, it appear that the deed has already been foreclosed, and the property sold, yet plaintiff may nevertheless obtain a general judgment on the note, if the same be unsatisfied.

4. *Mortgage—Transfer of lands not an assignment of debt.—*The assignment of a debt secured by mortgage, passes the mortgage as incident thereto ; but the transfer of the mortgaged land does not *per se* operate an assignment of the deed and of the debt therein secured.

*Appeal from Buchanan Circuit Court.*

*Collins & Loan,* for Appellant.

I. The right of plaintiff to the note was that of owner by assignments indorsed on the note, and incident to this was the right to have the mortgaged property sold to pay the debt specified in the note. (1 Hill. Mort., 238, and cases cited in note *f.* ; Jackson vs. Bronson, 19 Johns., 325.)

*B. R. Vineyard,* for Respondent Hawkins.

I. A deed of land from the mortgagee is not an assignment of the mortgage. (Peters vs. Jamestown, 5 Cal., 334 ;

Hill. Mort., 4 ed., pp. 236–7; Wilson vs. Troup, 2 Cow., 195.)

*Bennett Pike*, for Respondents Patterson and Massie.

I. Watson conveyed all his right, title and interest in the land to Patterson, who thereby acquired the right of an equitable assignee of the mortgage. (Jackson vs. Bowen, 7 Cow., 13 ; 10 Johns., 480 ; 2 Johns., 87 ; Johnson vs. Houston. 47 Mo., 227; Walcop vs. McKinney's heirs, 10 Mo., 229 ; Robinson vs. Ryan, 25 N. Y., 320.)

SHERWOOD, Judge, delivered the opinion of the court.

Action to foreclose a deed of trust to certain lands in Holt county. On application of defendant Hawkins, Patterson and Massie were served with process, and made additional parties defendant.

By the amended petition, in addition to the ordinary allegations, it appeared that Massie was in possession of the premises.

Hawkins filed his separate answer, wherein he alleged payment of the note, to secure which the conveyance was made ; that plaintiff, in order to cheat and defraud him out of his land, had contrived a sham sale thereof in 1863, and obtained a deed therefor from the trustee, one Smith M. White, although he was out of the State when the sale occurred ; that in order to better effectuate his fraudulent purpose, the plaintiff, in 1864, commenced a suit in the Holt Circuit Court to foreclose the deed of trust, where, without appearance by defendant, or service on him, either actual or constructive, judgment of foreclosure was rendered, and the property of defendant again sold, plaintiff again becoming the purchaser at a nominal consideration, although the land was very valuable; that having obtained a deed from the sheriff also, for the land thus sold, in the year 1865, he went into possession thereof, and continued to use and enjoy its rents and profits until 1868, when he sold and conveyed the same by deed of general warranty to defendant Patterson, who, in the same year,

sold and conveyed, with the exception of fourteen acres, the land in controversy, to defendant Massie; that the rents and profits of the premises after satisfying the mortgage debt, amount to several thousand dollars, as to which an accounting is asked, and that the trustee's deed and others of like character, encumbering and casting a cloud upon the title, be set aside, etc., etc.

The reply of the plaintiff was in effect a denial of the new matter contained in the answer.

The defendant Massie admitted his possession of the land, but alleged that he had good title thereto, acquired under the trustee's and sheriff's sale, through the plaintiff as purchaser at such sale; and through Patterson to himself by mesne conveyances, and averred the validity of all the proceedings'which resulted in the sale, at which the plaintiffs bought, and thereby he, the defendant Massie, had acquired all the right, title, interest or estate of the plaintiff in said land. Massie also put in issue the allegations of that portion of defendant Hawkin's answer, looking to affirmative relief, and reiterated the validity of his title to the premises in dispute.

The defendant Patterson filed an answer similar to that of defendant Massie, to that portion of defendant Hawkins' answer in the nature of a cross-bill.

Hawkins then filed a denial of those portions of the answers of Patterson and Massie which controverted the truth of the allegations of his answer. In reply to the new matter contained in defendant Massie's answer, the plaintiff denied the validity of the trustee's sale under which he purchased; and as to the sale under the judgment of foreclosure, he averred he "did not know" whether the court rendering that judgment had jurisdiction or not, and submitted that matter to the court for adjudication.

Thereupon, Massie and Patterson, on the ground that the pleadings showed that the plaintiff was not entitled to any judgment against the defendants, moved for judgment on the pleadings. Their motion was successful and plaintiff has appealed from the dismissal of his suit.

The statement in the plaintiff's reply, that he "did not know," etc., was insufficient as a denial of the allegations of defendant Massie's answer, as the reply in effect admitted that the court had jurisdiction.

Our statute, (Wagn. Stat., 1015, § 12) respecting practice in civil cases, permits the defendant in his answer, to either specially deny the material allegations of the petition, or to deny "any knowledge or information thereof sufficient to form a belief." In Revely vs. Skinner, (33 Mo., 98) a defendant's answer which stated in reference to a certain allegation, " no information thereof sufficient to form a belief," was held not to meet the requirements of the statute, and this ruling followed that of the New York courts, whose practice act, on this point, is identical with our own. (Edwards vs. Lent, 8 How. Pr. R., 28 ; 1 E. D. Smith, 554 ; 20 Barb., 348.)

But an examination of the law relating to the reply of the plaintiffs (Wagn. Stat., 1017, § 15), shows that he is required to deny "specifically each allegation controverted by him," and would thus seem not to admit of that latitude of indirect denial on his part allowed to the defendant. But whatever view may be entertained on this point, it is certain the statement of the plaintiff in his reply referred to, was tantamount to neither a direct nor indirect denial of the allegation in the defendant's answer, as to the validity of the proceedings, which resulted in the judgment of foreclosure, so that by the pleadings it stood admitted that a valid judgment of foreclosure had been rendered, and that a valid sale thereunder had taken place. Even, however, should it be conceded that this were true in point of fact, still it by no means follows that the plaintiff's suit should have been dismissed, for although the right of a legally valid foreclosure can only be once asserted against the same land (Buford vs. Smith, 7 Mo., 489), yet this does not prevent the creditor from proceeding in an ordinary action for the residue of his debt.

Upon what theory the court proceeded in sustaining the motion for judgment, we are left to conjecture. Judging from

the authorities cited, and the position taken here by the successful parties, it might be assumed that the idea prevailed that Massie having, as the pleadings admitted, acquired all the right, title, interest and estate of the plaintiff in the lands he thereby became the assignee of the deed of trust and of the debt it was designed to secure. And the cases of Jackson vs. Bowen, (7 Cow., 13). and Robinson vs. Ryan, (25 N. Y., 320) seem to give countenance to this view so far as mortgages are concerned; but have no reference to deeds of trust. Besides these decisions are based on a special statute of the State of New York relating to the assignment of mortgages

But it has never been held for law in this State, that the transfer of the mortgaged premises would *per se* carry with it the right to the debt, though the transfer of the latter has always been held to carry the security as an incident (Labarge vs. Chauvin, 2 Mo., 180; Anderson vs. Baumgartner, 27 Mo., 87; Mitchell vs. Ladue, 36 Mo., 533), and as giving the holder of the debt thus assigned the right to resort either to the courts or to the enforcement of the power by the donce thereof, in order to render such security available.

As the defendant Hawkins did not appeal from the decision which so summarily disposed of the plaintiff's petition, as well as his own application for equitable relief, it is impossible to discuss the merits of his case.

The judgment will be reversed and the cause remanded; Judge Vories not sitting; the other judges concur.