## Anthony Lechler's Appeal.

---

## David H. Brackbill's Estate.

A guardian who, without ascertaining the value of property, lends his ward's money on second mortgage to an excessive amount, taking not even the precaution to get from the orphans' court authority to make the loan, does not act with the care ordinarily observed by prudent men in conducting their own affairs, and is therefore answerable for resulting loss.

The question whether such an investment is a safe one is not a legal question, and the opinion of counsel is therefore no protection.

(Argued May 14, 1888.  Decided May 28, 1888.)

July Term, 1887, No. 100, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ.  Appeal from a decree from the Orphans' Court of Lancaster County dismissing the exceptions to the report of an auditor to adjust a guardian's account, whereby the guardian was surcharged with the loss resulting from an investment made by him of his ward's money upon a second mortgage.  Affirmed.

The questions presented are sufficiently stated in the opinion.

*Sam'l H. Reynolds, George Nauman,* and *J. W. F. Swift,* for appellants.—Pre-eminent knowledge or uncommon foresight are not required of a guardian.  Common skill, common prudence, and common caution are all that courts have required or ought to require.  Konigmacher v. Kimmel, 1 Penr. & W. 214, 21 Am. Dec. 374.

NOTE.—The taking of a second lien is not wrong in itself, but merely induces a question on the part of the court as to its propriety.  Jack's Appeal, 94 Pa. 367; Smith's Estate, 14 W. N. C. 93.  And the taking of a third lien has received tacit condonation.  Lightner's Appeal, 156 Pa. 368, 27 Atl. 18.  See Makin's Estate, 20 Pa. Co. Ct. 587, 7 Pa. Dist. R. 126, 14 Montg. Co. L. Rep. 103.  The advice of counsel will not protect. Smith's Estate, 14 W. N. C. 93.  But this may be considered in determining the propriety of the guardian's conduct.  Jack's Appeal, 94 Pa. 367.

A trustee who acts faithfully and by advice of counsel is not answerable for a mistake. During's Appeal, 13 Pa. 234; Bradley's Appeal, 89 Pa. 521. See also Jack's Appeal, 94 Pa. 367.

*Marriott Brosius,* for appellee.—The case was carefully considered by the learned auditor, and his conclusions have been affirmed by the court below. The decree will not be disturbed by this court unless flagrant error is discovered. Ranninger's Appeal, 118 Pa. 20, 12 Atl. 511; Nauman's Appeal, 116 Pa. 505, 9 Atl. 934.

Additional force is given to an auditor's report by the confirmation of the court. Bull's Appeal, 24 Pa. 286; Dellinger's Appeal, 71 Pa. 425.

A guardian who changes a first mortgage belonging to his ward into a second one, and it is lost, is liable to his ward for the amount of the loss. Osborne v. Munroe (N. J. Eq.) 4 Cent. Rep. 243, 5 Atl. 898; Leech's Estate, 26 Pittsb. L. J. 10.

An investment of trust money ought to exceed two thirds of the value of the property. Girard Trust Co.'s Appeal, 13 W. N. C. 367. See also McFarland v. McClees, 1 Sad. Rep. 512.

When a guardian is honest, but loses the estate through his ignorance and mistake, he will be surcharged with the losses without depriving him of commissions. Quinn's Estate, 41 Phila. Leg. Int. 226.

The ward in this case had a right to elect to take the property or hold the guardian for the money invested. She elected the latter, and notified him of the same. Royer's Appeal, 11 Pa. 36; Girard Trust Co.'s Appeal, 13 W. N. C. 367; Barton's Estate, 11 W. N. C. 561.

OPINION BY MR. JUSTICE GREEN:

The auditor in this case, upon an exceedingly calm and conservative review of the testimony and law involved, found that the appellant, in making the investment in question, did not exercise the ordinary prudence and care of a business man and was, therefore, liable to account for the money invested. The report of the auditor was confirmed by the court below both in its conclusions of fact and law. We have examined the testimony with much care and are constrained to say that the auditor was fully justified in his conclusions of fact and in the application of the plain legal principles which were pertinent to the oc-

casion. It is true the appellant acted under legal advice, but it is also true that he gave himself no concern whatever about the investment, and obtained no information for himself touching its safety. He testified: "I had no acquaintance with the property when I made the investment. I made no inquiries myself. I left it all to Mr. Price. I did not look to assessment books to see what it was assessed at. I did not ask him what the place was worth."

The question whether the investment was a safe one was not in any sense a legal question, but one of business only. Upon such a subject the opinion of a lawyer is of no more value than that of an ordinary business man; hence, the fact that the loan was made upon the advice of counsel touches but slightly the question of ordinary business prudence in making it.

If the facts themselves are considered it is shown with conclusive force, in the report of the auditor, that even upon the accountant's own testimony the loan was dangerously imprudent. In 1882, when the loan was made, the assessed value of the property was $10,580. At the time of the assignment made by the borrower, for the benefit of creditors, April 12, 1883, the property was appraised at $11,928.49. Taking the average valuation of the accountant's witnesses the property was worth in April, 1882, when the loan was made, $13,700. There was a first lien, a judgment of $8,000, and the amount loaned was $5,500. The loan was upon a second lien, which is always of questionable propriety unless there is clearly a wide margin between the aggregate of all the liens and the true value of the property. But here there was no margin at all. A default of interest for a single year would occasion a considerable excess of liens over the value. The valuations of the property made by the witnesses for the ward were much lower than the above, and it follows that, in whatever point of view the case may be regarded, the auditor and court below were fully justified in their finding that the guardian had not acted with ordinary business prudence in making the investment. We cannot possibly reverse that finding. Under all our decisions the legal liability of the accountant to respond for the money value of the investment follows as a necessary consequence. It is not essential to review the authorities. They were fully enforced by this court in the case of Girard Trust Co.'s Appeal, 13 W. N. C. 367, where the trustee was held liable upon an investment of the trust

fund in "bonus" mortgages, though it does not appear that there were any prior liens on the properties. The distinction was taken between the mere retaining of investments previously made and making of fresh investments by the trustee, the rule of liability being more stringent in the latter case than in the former.

Jack's Appeal, 94 Pa. 367, is entirely distinguishable from the present case in all its controlling circumstances. The guardian simply retained former securities which were turned over to him by his predecessor; the auditor found specially that the security was such as a careful and prudent man would take, at the time the guardian accepted it, and that the loss arose from an extraordinary and unexpected depreciation in real estate. He further found that the guardian acted in perfect good faith under the advice of counsel and without any negligence in the management of the trust estate.

In nearly all these respects the case differs from the present. We are mindful of the rule that guardians are not to be held liable for all negligence, and are usually protected if they act with the care ordinarily observed by prudent men in conducting their own affairs, and we do not mean to impinge upon that rule in the decision of this case. On the contrary, we place our decision upon the ground that the facts of this case, as found by the auditor and court below, show that rule to have been violated. Moreover it is proper to observe that if the appellant had exercised due care he would have gone into the orphans' court and presenting the facts by petition would have asked for authority to make the loan. If it had been granted, he would have been protected, and if it had been refused, the loan would not have been made. This was certainly his proper course if he desired to make a loan upon a second lien.

We can discover no reason for ordering an inquiry to determine whether the appellant should be held liable for a proportionate amount, only, of the loss. He has the property and may never suffer any loss. That is a question which depends upon so many contingencies, as to which no person can speak with any certainty, that it would subserve no good end to engage in such an investigation.

Decree affirmed and appeal dismissed, at the cost of the appellant.