NEWTON PRUEITT, Respondent, v. CHELTENHAM QUARRY COMPANY, Appellant.

St. Louis Court of Appeals, November 13, 1888.

Judgment: NOT APPEALED FROM : EXECUTION. When a judgment is rendered against several defendants and one of them does not appeal, execution may issue against such non-appealing defendant, and it will not be error for the court to refuse to recall it.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Everett W. Pattison* and *Leonard Wilcox*, for the appellant.

On a judgment against more than one, execution cannot be issued against one alone. Herman on Ex. sec. 73, p. 62. We do not understand that the case of *Welsh v. Eyermann*, 7 Mo. App. 588, is overruled by that of *State to use v. Finn*, 19 Mo. App. 557. In the former case the defendants had appealed and given bond. This court affirmed the judgment against them. Eyermann had no right of appeal from this judgment; therefore the judgment as to him had become a final judgment. The right to appeal does not exist except when given by law. It is not an absolute right. 1 Meyer's Fed. Dec. 447. The only ground on which that decision could have been placed was, that as one of the defendants did have the right to appeal, and did appeal and gave a *supersedeas* bond—that that stayed the enforcement of the judgment against the other defendant as to whom the judgment was final.

*T. A. Russell* and *E. P. Johnson*, for the respondent.

The appeal taken by the co-defendants of appellant in the court below, and the *supersedeas* bond executed by them, did not operate in favor of the former, and execution properly issued against it. *State to use v. Finn*, 19 Mo. App. 557. A judgment for many purposes is not an entirety, as each party to it has a separate and independent right of appeal (*Loehner v. Hill*, 19 Mo. App. 141, 143), and a judgment may be reversed as to some of the parties, and affirmed as to others (*Mansfield v. Allen*, 85 Mo. 502, and cases cited; *Belkin v. Hill*, 53 Mo. 492, 497), and a judgment void as to a part of the defendants may be valid as to the remainder of them. *Campbell v. Gas Co.*, 84 Mo. 352, 366. If this judgment is an entirety in the sense claimed by appellant, and this court should reverse and dismiss case number 4182, Kennedy and Nega's appeal, the necessary result of it would be to destroy the judgment against appellant. The absurdity of such a necessary result is a complete answer to the argument.

PEERS, J., delivered the opinion of the court.

Plaintiff brought suit against the defendant and six others in the circuit court of the city of St. Louis. On the trial, judgment was rendered for the plaintiff against three of the defendants, to-wit, The Cheltenham Quarry Company, Josiah W. Kennedy and Albert Nega. From this judgment Kennedy and Nega appealed to this court, giving a *supersedeas* bond. This defendant did not appeal from the judgment, and execution was issued against it pending the appeal of its co-defendants. Defendant filed motion to recall and quash the execution, which being overruled by the court, the case comes here by appeal.

This record presents but one question, to-wit: Did the trial court err in overruling the motion made by

appellant to quash the execution? The same question has been passed upon in the case of *State to use v. Finn*, 19 Mo. App. 557, in an opinion by ROMBAUER, J. The language of the court is: "A judgment against several parties is, undoubtedly, an entirety for certain purposes; when directly assailed and vacated for causes affecting its validity as to all, it vacates the entire judgment. This has frequently been decided. But it has been decided with equal uniformity, that a judgment though absolutely void as to some of the defendants, may be enforced against others. *Lenox v. Clarke*, 52 Mo. 115; *Wernecke v. Wood*, 58 Mo. 352; *Holton v. Towner*, 81 Mo. 360. This result would be impossible if it was an entirety for all purposes."

In an appeal from the circuit court the judgment itself is not superseded, even when bond is given, its enforcement is temporarily stayed, and that is all. The judgment in this case not being appealed from by the defendant, the same stands as valid and binding, and we see no good reason why an execution should not issue thereon.

The judgment of the circuit court is affirmed. All concur.