## WILLIAM H. YOUNG, Respondent, v. DENNIS CLIFFORD *et al.*, Appellants.

### St. Louis Court of Appeals, March 26, 1895.

**Mortgages:** EFFECT OF FORECLOSURE ON MORTGAGE DEBT.  If, on the foreclosure of a mortgage of land—in this case the land lay in Illinois—less than the amount of the mortgage debt is realized, the foreclosure will not work a satisfaction of the entire debt, but will leave in force so much of the debt as has not been in fact paid.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Edward J. O'Brien* for appellants.

*J. K. Hansbrough* for respondent.

ROMBAUER, P. J.—This is a suit by the indorsee against the makers of a negotiable promissory note, made and payable in this state.   The note is for $325, bears date October 21, 1891, and is payable two years after date.   The petition states the execution of the note, its indorsement for value to the plaintiff, gives a credit of $67.15 and asks a judgment for the balance and interest.

The answer claims payment resulting from the following facts: The note sued on is one of two notes of the same tenor and amount.   The other note is payable one year after date, and was transferred by the payee

to a third party. Both notes were secured by mortgage executed by the makers, and covering some property in the state of Illinois. The mortgage was foreclosed for the nonpayment of both notes by judicial proceedings in the state of Illinois, and the plaintiff became purchaser of the property at foreclosure sale, subject to a right of redemption by the mortgagors, or their assigns. Subsequently the plaintiff bought the right of redemption from the assignee of the mortgagors. The foreclosure sale realized only $235, which, after deduction of costs, left $67.15 to be applied on the note in suit, and a similar amount on the other note. It would seem that the answer was drawn on the theory, that by purchase at the foreclosure sale, and subsequent purchase of the right to redeem, the plaintiff had not only extinguished the mortgage, but also the mortgage debt, on some fanciful theory of a merger working payment. The court tried the case without the intervention of a jury, and heard evidence in support of the theory of the answer. Judgment was rendered for plaintiff for the balance of the note with interest, and the defendants now assign for error that the court should have found from the conceded facts that the mortgage debt was paid.

It will appear from the above statement that the court should have rendered judgment for plaintiff upon the answer, which admits the execution and plaintiff's title to the note, and fails to state any defense whatever. The Illinois courts hold that, where mortgaged land is sold under foreclosure for *part* of the mortgaged debt, the purchaser at foreclosure sale buys subject to the residue of the debt, and, where he is the holder of such residue, the mortgage lien as well as the residue of the debt become extinguished, the first on the theory of merger, the second on the theory of payment by implication. The fact, that the purchaser

has bought subject to a debt due to himself, works a payment of the debt, since no one can be his own debtor. *Robins v. Swain*, 68 Ill. 197. These courts also hold that the result is the same where a mortgagee, who hold successive mortgages on the same property, buys under a foreclosure sale of his junior mortgage. *Belleville Savings Bank v. Reis*, 136 Ill. 242.

The answer in this case goes further and claims that, although the entire debt is due, yet, where on foreclosure sale the land sells for less than the mortgage debt, and is bought in by the mortgagee, the residue of the debt is necessarily extinguished. We are not aware that any court has ever so decided in any state where the lien theory of mortgage prevails, as such a holding would lead to the most absurd results. The courts of Illinois have decided the very reverse. (*Weiner v. Heintz*, 17 Ill. 259); and so have the courts of this state. *Watson v. Hawkins*, 60 Mo. 550.

In the case at bar, the plaintiff having become the purchaser of the mortgaged premises, and as such the legal owner, his right to enforce the mortgage lien for the residue of his claim against the land is necessarily gone. The result would have been the same, if some one else had bought the land at foreclosure sale. *Buford v. Smith*, 7 Mo. 489. There can be only one foreclosure for the same debt. But it passes our comprehension on what theory the residue of the debt should have become unenforceable under these circumstances.

All the judges concurring, the judgment is affirmed.