HARVEY, guardian, *v.* MILLER *et al.*

Upon the facts appearing in the pleadings, and upon which the case was submitted to the presiding judge without a jury, there was no error in passing the order appointing partitioners to divide the land temporarily among the parties at interest, the division to continue only until the youngest of the tenants in common should become of age. The granting of this order was not only in harmony with the scheme of the will under which these tenants hold, but, in view of all the facts, the order provided the best practical method of carrying the will into effect.

April 15, 1895. Brought forward from the last term. Code, §4271(a-c).

Equitable petition. Before Judge HARRIS. Campbell superior court. February term, 1894.

W. J. Ware left a will dated February 4, 1883, the material parts of which are as follows:

"I give and bequeath and devise to Hester Ann Miller and her children, to wit, Richard Miller, Sissie Miller, John Miller, Joseph Miller, Robert Miller and William Miller, all my estate real and personal, to be equally divided between them share and share alike. I do not desire that the property shall be sold, but kept together until the youngest child shall become of age. It is my wish that the family shall live together and help each other. . . . I desire that my will be carried into effect as made, and ask my friend Thomas W. Latham, who writes this will, to see it carried into effect. I appoint no executor of my will, but hope to have some one appointed who will carry it into effect."

At the April term, 1883, of the court of ordinary, the will was proved in solemn form; and W. C. Parker and John L. Camp were appointed administrators with the will annexed, and they qualified. M. P. Harvey became guardian for the children. In 1893 Richard, Sissie and John Miller had reached majority, the others still being minors. Richard Miller brought his petition to the superior court, for a partition of certain described lands of which he alleged that he and Sissie and John Miller and their mother and the guardian of the minors were in possession as tenants in common. He alleged that the testamentary scheme had failed, and it was desired that the property be divided at once; that the testator at his death owned and possessed property of the value of $20,000, amply sufficient to have supported the family, but he was greatly in debt, and the property had to be and was sold to pay the same, leaving only the lands described in the petition, which the guardian of the minors had under his management, and by his conduct of the farm he had incurred a large debt contrary to law, but he was demanding the debt, holding possession of the lands, and seeking in every way to make the minors, as they arrived at majority, sign a note for a large sum of money, which he had incurred by reason of his conduct of the farm; that he demanded the right to take

what petitioner made on the farm, for rent or to pay said debt, and had so taken the cotton he made since he became of age, etc. By amendment he prayed for equitable relief if the court should decide that the land could not be divided at least temporarily until the youngest child should reach majority. An answer was filed by Hester Ann, Sissie and John Miller, stating that the allegations of the petition were true, and that the guardian claimed the right to keep possession of the farm and to conduct and manage it, and to receive the rents, issues and profits thereof, to the exclusion of the adult heirs, and that respondents were not permitted to use and enjoy the benefit of their property exclusively, as they had a right to do. They prayed that the property be partitioned in such way as the court might direct, either temporarily or permanently, etc. Objections were filed by Harvey as guardian, on the grounds, that the land could not be divided without violating the instruction and intention of the testator, and that there was no reason why it should be divided, and if this should be done the scheme of the testator would be defeated. The case was submitted to the judge, and he held that commissioners should be appointed to partition the land temporarily, said division to continue until the youngest child should reach majority, at which time the tenants in common or either of them might be permitted to have the premises permanently divided. To this judgment the guardian excepted.

ROAN & GOLIGHTLY, for plaintiff in error.
THOMAS W. LATHAM, *contra*.

ATKINSON, Justice.

According to the record in this case, it became impracticable to carry literally into execution the will of the testator. His estate being involved, a considerable portion of his property had first to be appropriated to

the extinguishment of his debts, leaving only the lands described in the petition. The respondent applied for letters of guardianship for the minor children of the testator, and as such for a number of years has had the use of the land. In its operations it appears that he has incurred indebtedness of some kind for and on account of the estate committed to his care as guardian. Whether upon competent authority such debts were incurred, we are not called upon to answer. Upon the coming of age of some of his wards, he appropriated toward the extinguishment of such indebtedness the proceeds of their labor, and was continuing so to do. They are entitled jointly with the minor heirs under the will to share in the profits of the estate as tenants in common. They allege that their earnings upon the common property are appropriated wrongfully by the guardian to the extinguishment of the debts incurred by him, and they pray a partition of the premises. A literal execution of the will being impossible under existing conditions, it was the duty of the chancellor, in the execution of its beneficial purposes, to frame a decree which, as nearly as might be, would approximate to the general testamentary scheme. The great purpose designed to be accomplished by the testator being to keep his estate intact until the youngest child attained its majority, and at the same time, out of the estate, to provide a support for the maintenance of them all, it occurs to us that no better plan could have been devised for carrying into effect the real purpose of the testator with respect to his estate than for the chancellor, as he did in this case, to render a decree directing a temporary apportionment of the estate amongst the minors as they each severally attained their majority, that they might severally enjoy each his just proportion until the time when, upon the majority of the youngest child, a final apportionment of the estate could be made. To the

point that the chancellor has competent authority to. make such temporary apportionment where difficulties of the character that occur in this 'case present themselves, we cite *Rutherford* v. *Jones*, 14 *Ga.* 526; and *Wikle* v. *Woolley, guardian*, 81 *Ga.* 106.

Let the judgment of the court below be   *Affirmed.*