BEAVERS, ordinary, to use, *v.* HARVEY, guardian, *et al.*

Under the facts alleged in the plaintiff's petition and in view of the decision of this court in the case of *Harvey* v. *Miller,* 95 *Ga.* 766, in which the identical will now before the court was under consideration, the plaintiff's usee was entitled to proceed against the guardian and his sureties for the ward's share of the income of the testator's estate in the guardian's hands and unaccounted for, and also for his share of any income which the guardian ought by due diligence to have realized and did not; and if at the trial it appears, as in the case cited supra, that under existing conditions a literal execution of the will is no longer possible, the plaintiff may also recover his share of any sum for which the guardian may be liable on account of the corpus of the personalty which came into his hands as guardian, leaving the division of the realty to take place when the youngest child named in the testator's will shall have attained his majority.    In adjusting the accounts between the guardian and the ward, due credit should be allowed the former for all disbursements lawfully made in behalf of the latter.

Argued June 28, — Decided August 5, 1897.

Exceptions to auditor's report.    Before Judge Harris.    Campbell superior court.    February term, 1896.

The will of W. J. Ware, dated February 4, 1883, after providing for the payment of debts, contained the following items:

"Third.    I give, bequeath and devise to Hester Ann Miller and her children, to wit, Richard Miller, Sissie Miller, John Miller, Joseph Miller, Robert Miller, and William Miller, all my estate real and personal, to be equally divided between them, share and share alike.    I do not desire that the property shall be sold, but kept together until the youngest child shall become of age.    It is my wish that the family shall live together and help each other.    It is my wish that if Hester Ann Miller should have born to her within the usual period of gestation after my death another child, that the said child so born may be made a legatee under this my last will, equal with her the said Hester Ann, and her other children named in this will, in the distribution of my estate.    .    .    .    "

"Fifth.    I desire that my will be carried into effect as made, and ask my friend Thomas W. Latham, who writes this will, to see it carried into effect.    I appoint no executor of my will, but hope to have some one appointed who will carry it into effect."

On March 3, 1884, M. P. Harvey and six others entered into a bond to the ordinary and his successors, in the sum of $12,-240, with the condition that "the above bound M. P. Harvey, who is this day appointed guardian of the property of Richard Miller, Sissie Miller, John Hull Miller, Joe Miller, William Miller, Robert Miller and Henry Miller, minor children of Hester Ann Miller of said county, orphan children of W. J. Ware their natural father, deceased, he acknowledging of the same by his acceptance of said appointment and of letters of guardianship of this date, shall well and truly maintain, clothe and educate said minor orphans according to their circumstances, and shall take good and lawful care of their person and property according to the laws of this State, and shall annually make a just and true return of his actings and doings herein unto the said ordinary, and pay over all assets that

may remain in his hands when said guardianship shall legally terminate."

On January 14, 1893, suit upon this bond was brought for the use of Richard Miller, alleging numerous breaches and failure to settle with said usee, and by successive amendments surcharging and falsifying the returns of the guardian in many items. The case was referred to an auditor; and pending the introduction of evidence before him it was announced that defendants would move for a nonsuit on the ground that the action was prematurely brought, because the will required the estate of Ware to be kept together until the youngest child was of age; plaintiff agreeing to close his case for the purpose of having the question made by such motion determined at that time. It was admitted that Harvey was duly appointed guardian for the children named in the will, and his letters of guardianship were in evidence, together with the bond sued on and the will of Ware; also that Camp and Harvey were appointed administrators of Ware, with the will annexed; also, that Richard and Sissie Miller were respectively twenty-seven and twenty-five years old at the time of the trial, and some of said children were still minors, the youngest being eleven years of age. The auditor sustained the motion for nonsuit, and took no further cognizance of the case beyond reporting his ruling and the evidence that had been adduced before him. The plaintiff excepted to the report, contending that as the suit was founded on the breach of a guardian's bond given under the statute, and the usee having arrived at age and the guardian having failed to settle with him, the action was not prematurely brought. The court overruled the exceptions and approved the report, and plaintiff excepted.

*Thomas W. Latham*, for plaintiff.

*Roan & Golightly*, for defendant.

COBB, J. In the case of *Harvey v. Miller*, 95 *Ga.* 766, the will which is relied on by the plaintiff's usee for a recovery in this case was before the court. Justice Atkinson in the opinion uses the following language: "The great purpose designed to be accomplished by the testator being to keep his estate in-

tact until the youngest child attained its majority, and at the same time, out of the estate, to provide a support for the maintenance of them all, it occurs to us that no better plan could have been devised for carrying into effect the real purpose of the testator with respect to his estate than for the chancellor, as he did in this case, to render a decree directing a temporary apportionment of the estate amongst the minors as they each severally attained their majority, that they might severally enjoy each his just proportion until the time when, upon the majority of the youngest child, a final apportionment of the estate could be made."

Following the principle upon which this decision was based, the plaintiff's usee was entitled to proceed against his guardian and the sureties on his bond for the ward's share of the income of the testator's estate in the guardian's hands unaccounted for. He also had the right to recover his share of any sum which the guardian by the exercise of proper diligence could have realized as income, and which was lost to the estate on account of the guardian's neglect. If it should appear at the trial, as it did in the case cited supra, that the existing conditions are such as to still prevent a literal execution of the will, a recovery could be had by the ward for his share of any sum for which the guardian may be liable on account of the corpus of the personalty which came into his hands. The real property having been temporarily divided under the provisions of the decree rendered in the case already cited, such division should be allowed to continue until the youngest child becomes of age, when the final apportionment and division can be had.

In the accounting to be had between the guardian and the ward, proper credit should be allowed for all disbursements regularly and lawfully made by the guardian in behalf of his ward.　　　*Judgment reversed.　All the Justices concurring.*