In the Matter of Final Settlement of Estate of Thomas Bowie (a minor); Maggie G. Rowe et al., Objectors and Appellants, v. Linus Sanford, Guardian and Respondent.

St. Louis Court of Appeals, March 15, 1898.

1. Probate Court: settlement of guardian: laches. Where the evidence discloses the fact that a guardian was guilty of no *laches* or bad faith in making a loan for his ward and taking security, and that he used due diligence in selling and reselling property so taken as security, the guardian is not liable for the difference between the amount loaned and the amount realized out of the sale of the property.

2. Guardian: commissions. The disallowance of commissions rests in the sound discretion of the court. If the trustee fails entirely to perform his duty, he should not be allowed compensation.

In re Estate of Bowie.

*Appeal from the Cape Girardeau Court of Common Pleas.*
Hon. Frank E. Burrough, Judge.

Affirmed.

J. W. Limbaugh for appellants.

On the trial the curator made no effort to show why he had not loaned his ward's money. That was a matter entirely within his knowledge, and it devolved upon him to explain his failure to discharge the duties of his trust. Having failed to discharge his duty in this regard, and failing to make or offer any explanation as to why the money was not loaned, he should be charged the highest legal rate of interest for the use of the money, *i. e.*, ten per cent compounded to 1891 and eight per cent thereafter to the date of his ward's death. Frost v. Winston, 32 Mo. 489; In re Davis, 62 Mo. 450; Williams v. Pettigrew, 62 Mo. 460; State to use v. Richardson, 29 Mo. App. 505; State to use v. Gilmore, 50 Mo. App. 353.

Linus Sanford, *pro se*, for respondent.

The action of the court below in restating the accounts of the guardian is based on the well settled law of this state and is fair so far as it goes. Cruce v. Cruce, 81 Mo. 676; Woerner on Guardianship, sec. 106.

Biggs, J.—In 1876 the probate court of Cape Girardeau county appointed the respondent curator of the estate of Thomas C. Bowie, a minor. The respondent received in cash $3,714.42 belonging to his ward. He made his last settlement in that court in May, 1883. On that settlement there was a balance due the ward of $4,201.08. The Cape Girardeau court of common pleas of that county is also clothed with the jurisdiction

of probate court.  In May, 1883, the ward having attained the age of fourteen years, appeared in the latter court and chose the respondent as his guardian. No further settlements of the curatorship were made in the probate court.  By common consent the estate was transferred and continued in the court of common pleas. The respondent filed an inventory in the latter court, in which he charged himself with the balance due on his final settlement in the probate court, to wit, $4,201. Subsequently he made settlements in the court of common pleas for the years 1884, 1888, 1890, 1891, 1893, 1896, and the final settlement in May, 1897.

The only heirs of Bowie are Margaret G. Rowe, his mother, and Cornelia D. Rowe, his half sister, who are the objectors and appellants in this proceeding. In May, 1897, the respondent presented to the court a final settlement of his accounts as guardian.  The mother and sister appeared and filed several objections to the settlement, some of which the court sustained. Thereupon the court restated the account from 1884, making annual statements thereof.  It found a balance due from the respondent on the final settlement of $585, which was ordered to be paid to the heirs.  From the judgment approving the final settlement the heirs have appealed to this court.

In restating the account the court charged the respondent eight per cent interest for each year on the entire amount of money in his hands, as shown by the inventory, except the sum of $1,000, which amount was loaned by respondent to Margaret G. Rowe, the appellant, and which she had not repaid when her son died.  Under the order of the court of common pleas this money was loaned without interest to enable Mrs. Rowe to purchase a home for herself and son.  The latter was affected with epilepsy and he required the

constant care and attention of his mother. At the death of the ward the respondent took her receipt for the amount of the loan as so much received by her on distribution which was allowed the respondent as a credit. In 1877 the respondent loaned to one Hensley $3,000 of the ward's money. To secure the loan he took a deed of trust on certain real estate. Hensley reduced the debt to something over $2,100, when respondent foreclosed the deed of trust. In order to save the debt to the estate the respondent bought the land for $2,010. Afterward he sold it at an advance of $190. After allowing the estate the benefit of the profit on the resale, there was a loss of $120 on the Hensley note. The court allowed the respondent credit for the amount of the loss. The court also allowed the respondent a yearly commission of two per cent on the entire amount of money belonging to the estate.

The first complaint made by the appellant is, that the court committed error in allowing the respondent credit for the loss of $120 on the Hensley note. The court found that the respondent was guilty of no laches or bad faith in making the loan and taking the security, and that in selling and reselling the property he acted in good faith and with due diligence. In these findings the court is supported by the evidence. But the further contention is made that the Hensley note bore ten per cent interest, and that the respondent should have been charged with that rate in his settlements, and that if this had been done the difference between eight and ten per cent interest would have overbalanced the amount of the alleged loss. The abstract of the respondent contains the statement that after the transfer of the estate to the court of common pleas, the interest on the Hensley note was reduced to eight per cent. The evidence upon which that statement is made is not given. The settlements, however,

were made on that basis, and we must assume, in support of the judgment, that there was evidence to support the trial court in its action. We will therefore overrule the assignment. It is insisted that the loan to Mrs. Rowe without interest was in violation of law, and that the respondent ought to be charged with the highest rate of interest thereon. The appellants ought not in good conscience to make such a contention. The money was loaned by the order of court with the view of purchasing a home for Mrs. Rowe so that she would be in a position to personally care for her afflicted son. This she did, and the boy was taken to her home and cared for until he became so violent that he had to be sent to an asylum. Thus it appears that by the arrangement the ward received an indirect and the appellants a direct benefit. To compel the respondent under these circumstances to account for interest on that loan would be highly unjust.

It is next insisted that the respondent should not be allowed commissions for the years in which he failed to file statements of his account. The disallowance of commissions rests in the sound discretion of the court. If the trustee fails entirely to perform his duties, he should not be allowed compensation. We have no such case here. The respondent took care of the trust estate during the whole time, and he was only derelict in failing to make annual statements of his accounts for the two or three years of the time.

There are other assignments which we will not discuss as the result would not be different. Our conclusion is that the appellants have no just grounds of complaint.

In 1876 the respondent received $3,714.42 belonging to his ward. He immediately loaned the money, and with the interest received he boarded and clothed his helpless ward for seventeen years, and he also paid

his medical bills and taxes during the time.    He has paid the appellants as heirs of his ward $3,611, only $103 less than he received in the beginning.    Better results could not have been expected.

With the concurrence of the other judges the judgment of the court of common pleas will be affirmed. It is so ordered.