THERESA PEARSON, etc., Respondent, v. HENRY L. HAYDEL, Admr. of FRANCIS L. HAYDEL, Appellant.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Guardian:** LOSS FROM NEGLIGENCE IN MAKING LOAN: LIABILITY OF GUARDIAN: PROBATE COURT HAS JURISDICTION. The negligence of a guardian in loaning or investing the funds of his ward, which resulted in loss to the ward, may be questioned by exception to the guardian's final settlement and adjudicated fully in the probate court.

2. ———: ———: RIGHT OF TRIAL BY JURY: NOT IN CHANCERY CASES. Jurisdiction over the estate of minors, lunatics and idiots, has been vested immemorially in the courts of chancery, in which courts trial by jury never existed.

3. ———: ———: JURISDICTION OF PROBATE COURTS. The law is, that probate courts are clothed with extensive powers and jurisdictions for the purpose of doing everything necessary for the full and final administration of an estate.

4. ———: ———: DAMAGES, RULE IN SUCH CASES. Rule of damages, where a ward has suffered loss on account of the gross negligence of his guardian in loaning his money on bad security is, the whole sum loaned less the value of the security, that is, the loss whatever it may be, must be made good by the guardian.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein* Judge.

AFFIRMED.

*Daniel Dillon* for respondent.

(1) By section 34, article 6, of the Constitution of this

State, probate courts are courts of record, and have jurisdiction over all matters pertaining to probate business; to granting letters testamentary and of administration; the appointment of guardians and curators of minors and persons of unsound mind; settling the accounts of executors, administrators, curators and guardians. As was said In re Estate of Elliott, 98 Mo. 384, the probate courts of this State, as to those matters over which they have jurisdiction, are courts of vast powers, and were established with extensive powers and jurisdiction for the purpose of doing everything necessary to the full and final administration of estates. In Pearce v. Calhoun, 59 Mo. 274, it is said: "Our probate courts are established with extensive powers and jurisdiction for the purpose of doing everything necessary for the full and final administration of an estate." Gentry v. Gentry, 122 Mo. 222; Green v. Tittman, 124 Mo. 372; Lietman's Ex. v. Lietman, 149 Mo. 117; State ex rel. Fountain v. Gray, 106 Mo. 535; Sheetz v. Kirtly, 62 Mo. 417. (2) A case of final settlement of a retiring guardian with the new guardian, in which the exceptions raised many questions of fact, and some of them very similar to the questions of fact in the case at bar, is Finley v. Schlueter, 54 Mo. App. 455. A case in which exceptions to final settlement of administrators raised many questions of fact, and involved large amounts, is Ladd v. Stephens, 147 Mo. 319. And, in this last case, the court will see that one of the questions raised by the objections to the settlement was whether or not certain personal property, which had not been inventoried, belonged to the estate or not. (3) There is no question that Grundon is liable for the balance of the note, after crediting it with the net proceeds of the trustee's sale. And he will not be heard to say that the property was worth more than the *cestue que trust* paid for it at the trustee's sale. Clarkson v. Mullin, 62 Mo. App. 622. The case of State to use v. Slevin, 13 Mo.

App. 321, seems to me to be decisive of the question now under discussion. I invite a careful reading of the opinion in that case as it seems to me to be decisive of this point. Watson v. Hawkins, 60 Mo. 553; Young v. Clifford, 61 Mo. App. 450; Clarkson v. Mullin, 62 Mo. App. 622.

*E. T. Farish* for appellant.

(1) Under the statutory provisions cited, there is no where found any authortiy for this proceeding. Whilst the settlement of the former guardian might be attacked by exception as to any matters appearing and involved therein, the remedy here invoked can not be made applicable to obtain relief for matters *de hors* such settlement. Applying the language used in Wilson's Admr. v. Ruthrauff, 87 Mo. App. 226. "Such controversy as is inaugurated by such exception might involve large sums and work ruin to a protesting (administrator) guardian. Are his rights to be determined by the probate court on a final settlement where he would not have a jury trial? The probate court on a final settlement is not the place to adjudicate such rights of property in the absence of a statute to that effect. If the statute so directed, it may be that the administrator, by accepting the trust under such statute, would be held to have voluntarily surrendered his right to a jury trial; *volenti non fit injuria.* Wood v. Tallman, 1 N. J. L. 153; Everts v. Everts, 62 Barb. 577. But our statute does not so direct, either expressly or impliedly. The nearest statute to this subject is that contained in sections 74, 78, Revised Statutes 1889, and these, besides not being invoked here, do not, as we have already shown, authorize an adjudication of the title to property as was attempted in this case. The administrator is entitled to jury trial in the ordinary mode as to

whether he is indebted to the estate." (2) The objector is by no means without remedy. The former guardian and his sureties are liable on his bond. Sherwood, Admr. v. Hill, 25 Mo. 391; Brotherton v. Spencer, 52 Mo. App. 664-668.

GOODE, J.—Francis L. Haydel was the guardian of Theresa Pearson, a person of unsound mind. He died March 6, 1898, and the Mississippi Valley Trust Company succeeded him as guardian, the twenty-eighth day of April. Henry L. Haydel, the appellant, is the administrator of said Francis L. Haydel, deceased. In 1899, said administrator filed a final settlement of the account of said Francis L. Haydel with Mrs. Pearson, his ward, to the time of his death. This controversy grew out of an exception taken by the Mississippi Valley Trust Company to one item in the account of the previous guardian. Exceptions were filed to several other items, but they are not involved in the present appeal, which relates only to a certain loan made by Francis L. Haydel, as guardian of Mrs. Pearson, to one O. H. Grundon, in 1895. The note was for $1,000, secured by a deed of trust on twenty feet of ground situated on the west side of Tenth street in the city of St. Louis. The lot had a house on it at the time the loan was made, that is, the eighteenth day of July, 1895. The loan was to run three years. It was never paid and on the twenty-fourth of April, 1899, the deed of trust was foreclosed and the property bought in by the Mississippi Valley Trust Company in behalf of Mrs. Pearson for $500. The expenses of the sale were $75, and after deducting that sum together with accrued interest $393.23 were left to be credited on the principal of the debt, leaving still owing $606.77. The ground of the exception to the final settlement of the guardian, Dr. Haydel, is that he did not exercise reasonable care in making the loan; that the property at the time it was made was so grossly inadequate as security that negligence must be imputed to him for the loss, for

which he was responsible to his ward. Grundon,. the maker of the note, is wholly insolvent. It appears he was really acting for a man by the name of McCullom when he borrowed the money, he having previously bargained to sell the lot to the latter who had Grundon raise the money for him in this way. Grundon was bookkeeper in the employ of Haydel & Son, of which firm the deceased was a member. There was evidence of experts introduced by both sides as to the value of the property in 1895 and at the time of the trial. They varied in their estimates from about one thousand up to sixteen or eighteen hundred dollars. The case was first tried in the probate court, then in the circuit court, where the exception was sustained and the unpaid balance of the mortgage debt was added as a debit to the account of the deceased guardian. It does not appear that the loan was ever reported or approved in probate as the statutes require (R. S. 1899, secs. 3517-3704).

Appellant raises a question as to the probate court's jurisdiction to pass on the exception. His position is, that negligence by a guardian in investing or lending the funds of his ward is not cognizable on exception to his final settlement; that the remedy against him is by action on his bond in a court of general jurisdiction, as otherwise, he would be deprived of the right to a trial by jury. The jurisdiction, both of the probate court (where the controversy originated) and of the circuit court (where it was tried *de novo* on appeal), is unquestionable. The defendant was not deprived of the right to a jury trial, because no such right existed in his favor. Jurisdiction over the estate of minors, lunatics and idiots has been vested immemorially in the courts of chancery, whose procedure is not according to the course of the common law but of equity. The right to a trial by jury, guaranteed by the Constitution, extends only to those instances in which it existed at common law, except in other cases specially provided by some statute.

The right does not exist in chancery cases.  Lackland v. Smith, 5 Mo. App. 153; Gay v. Ihn, 69 Mo. 584; Snell v. Harrison, 83 Mo. 651; Bronson v. Wanzer, 86 Mo. 408.  And in the absence of any statutory provision therefor, the right to a trial by jury can not be demanded by a litigant in probate proceedings.  Finley v. Schleuter, 54 Mo. App. 455; Bradley v. Woerner, 46 Mo. App. 371.  Without deciding that the ward would have had no standing in the circuit court if she had brought an action on the decedent's bond there for the same matter involved here, we do hold that if she might have sued there that fact does not argue against the propriety of the probate court's entertaining jurisdiction.  Wood v. Tallman's Ex., 1 N. J. L. 153.  Various cases have been decided in this State in which the power of the probate court to pass on questions relating to the negligence of administrators and guardians on exceptions to their final settlements was involved and exercised without avail.  Reynolds Appeal, 70 Mo. App. 576; In re Bowies Estate, 74 Mo. App. 191; Van Bibber v. Julian, 81 Mo. 618.  The same is true in other States.  Thompson v. Thompson, 92 Ala. A. 545; Beavers v. Harvey, 102 Ga. 184; Gross' Succession, 23 La. Ann. 105; Knothe v. Kaiser, 2 Hun. (N. Y.), 515.

In Johnson v. Johnson, 32 Mo. App. 386, the point was practically decided.  An exception was filed to the settlement alleging that the executor had sold land to his son-in-law for much less than it was worth.  The circuit court refused to consider the case because the probate court had no jurisdiction to try that kind of an issue on objections to any settlements.  This ruling was held erroneous on appeal.  It is evident that the question of negligence or bad faith was directly involved there.  Taylor v. Hite, 61 Mo. 142, was a case identical with the present one, and the probate court's jurisdiction passed unchallenged.  The law is, that the probate courts are clothed

"with extensive powers and jurisdictions for the purpose of doing everything necessary for the full and final administration of an estate." Pearce v. Calhoun, 59 Mo. 274; In re Ellicott's Estate, 98 Mo. 384; Gentry v. Gentry, 122 Mo. 202; Green v. Tittman, 124 Mo. 372; Lietman's Ex. v. Lietman, 149 Mo. 117.

We are unable to see how the probate court could avoid passing on the exception. It was bound to allow a credit in favor of Haydel, the guardian, for the full amount of this loan or else charge him up with a part of it, in order to rule on the final settlement. His account could only be balanced by allowing him credit for the loan, which it was the duty of the probate court to allow unless good cause was shown to the contrary. How was that court to settle the estate at all without either looking into the alleged negligence of the guardian and holding him responsible, if negligence was established, or else blindly allowing him credit regardless of whether he was culpable or not? It seems to be the position of the appellant that the latter course should have been taken, but we can not assent to it.

As to whether the deceased guardian failed to exercise proper care in making the loan, we shall accept the finding of the circuit court. The evidence is quite conflicting as to the value of the property mortgaged when the transaction occurred. We think the court below was better able to weigh the testimony than we are and defer to his finding, as we have the right to do. Reynolds' Appeal, supra.

One other point remains to be disposed of: the measure of damages. The circuit court held this was the unpaid balance of the debt remaining after crediting it with the net proceeds of the sale. Appellant contends the true measure is the difference between the value of the property at the time it was bought in for Mrs. Pearson at the foreclosure sale and the

amount of the loan.    We have been unable to find any authority which sanctions this view.    A guardian is liable for losses entailed by his lending the ward's money on inadequate security, provided he was guilty of gross negligence in so doing.    Taylor v. Hite, supra; Finley v. Schleuter, supra; State v. Slevin, 93 Mo. 253; Lee v. Lee, 55 Ala. 590; Atkinson v. Wittig, 40 S. W. 457; Harding v. Larned, 4 Allen 426; Hindle v. Leath, 63 N. C. 597; Lechler's Appeal, 14 Atl. 451.    He is not responsible if the property depreciated subsequent to the loan, if he used due care in making it.    Whitely v. Learoyd, 33 Ch. D. ·354.    The rule in England was, until changed by statute, that if he culpably took inadequate security, a breach of trust was committed as to the entire investment.    It being one which a trustee should not have made, he was held responsible for the whole sum and had to recoup himself as far as possible out of the security.    Fry v. Tapsin, 28 Ch. D. 282; Whitely v. Learoyd, supra.    It is held everywhere that he must make good the loss.    Such a doctrine as allowing any party who pledged property to secure a debt, which was afterwards sold and bought in by a creditor, a larger credit than the proceeds of the sale, on the theory that the property did not bring what it was worth, is unknown to the law.    It is assumed that a sale in the open market is the best mode of determining the present value of the property.    Besides, the person liable over may protect himself from any sacrifice by buying it.    This is the rule in regard to mortgagors.    Watkins v. Hawkins, 60 Mo. 550; Young v. Clifford, 61 Mo. App. 450; Clarkson v. Mullin, 66 Mo. App. 622.    By the English statute on the subject, the measure of damage now is the difference between the sum loaned and what the property was good security for, although the estate may have lost more; a very just measure, it seems to us, but not the law where there is no statute to make it so.    Trustee Act 1893, sec. 9.    If some one else had

bought the lot in question, certainly Mrs. Pearson's damages would have been the difference between the proceeds of the sale and the amount of her note, although the property may have been worth twice what it brought. We see no reason why a different rule should be applied merely because she, or her guardian for her, was willing to bid higher than any one else. In State v. Slevin, 12 Mo. App. 321, it was held the sureties on a guardian's bond could not be held for a loss occasioned by the guardian's lending on insufficient real estate security, unless the amount of the loss was ascertained by the foreclosure of the mortgage. The opinion says: "The primary question is, what, if anything, the ward lost, and this can rightfully be determined only by subjecting the mortgaged property to the payment of the note so far as it will go."

Finding no error in the judgment, it is affirmed. All concur.