(220)                    CARTMILL v. HOPKINS.

| | |
|---|---|
| 2 | 220 |
| 127 | 471 |
| 2 | 220 |
| 66a | 348 |

1. An instrument of writing will not be considered sealed, unless by some expression in the body of the instrument itself, the maker should show that he intended it to be considered a specialty. (Note a.)

2. A simple removal from a State where a contract was made, to another State, will not, of itself, prevent the running of the statute of limitations. (Note b.)

ERROR from St. Louis Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an action commenced before a Justice of the Peace. Judgment was given by the Justice for the plaintiff. The defendant appealed to the Circuit Court, where upon a trial *de novo*, judgment was rendered for the defendant; to reverse which the plaintiff has brought his writ of error into this Court. As appears from the bill of exceptions, the case was submitted to the Court on the following case agreed between the parties. "That the instrument sued on (a copy of which is set forth in the summons issued by the Justice before whom this cause was commenced) was made in the State of Kentucky, where the parties then resided, and where the plaintiff still resides. That the defendant, about the time the money in the instrument sued on mentioned became due, as early as April, 1819, removed from the State of Kentucky and settled at Edwardsville, in the State of Illinois, where he continued to reside until some time in the year 1827, when he removed from Edwardsville, Illinois, to St. Louis, in the State of Missouri. On this state of facts, the defendant insisted on the statute of limitations as a bar to the plaintiff's action. And the plaintiff contended and insisted that the plea was bad, because the action was founded on a sealed instrument, and that even if the Court should be of opinion that the instrument sued on was not under seal, the defendant ought not to be permitted to plead the statute of limitations in bar." The Court decided that the instrument sued on was not under seal, and that the statute of limitations was a good plea in bar." There is nothing to show that the original note or obligation sued on was ever before the Court. It is no other way described than as "the instrument sued on, (a copy of which is set forth in the summons issued by the Justice before whom this cause was commenced)." In referring to the copy of the note, as copied into the record from the Justice's summons, we find it set out in the following words and figures: "On or before the first day of April next, I promise to pay Thomas Cartmill, or order, one hundred dollars, for value received this 24th day of April, 1818.

                                             WM. H. HOPKINS, [L. S.]

Attest, STEPHEN MACFORLAND.

(221) The Circuit Court ought unquestionably to have had the instrument before it in order to have determined whether it was sealed or not. No copy made by the Justice, however accurate a *fac simile*, would answer. It might be sufficient on this point alone to dispose of the cause, but two other questions have been presented, which it may be well to settle.

63

Cartmill *v.* Hopkins.

First. Is the instrument, as set out and described in the summons of the Justice, a sealed instrumsnt? And second, did the removal of the defendant prevent the running of the statute of limitations in his favor?

The doctrine in Virginia on a statute similar to our own in regard to scrawls, (1 *Wash.* 270, 1 *Munford* 490, and 2 and 4 *Munford* 442,) as cited and read by the defendant's counsel, seems to us the true doctrine.

The maker of an instrument should show by some expression in the body or *testimonium* of the instrument itself, that he intended it to be considered and taken as a specialty. As to the second point, since the case of Bobb and Shipley, decided by this Court, it has been considered settled that a simple removal from the State where a debt was contracted, to another State, would not of itself prevent the running of the statute. It might or might not defeat or delay the bringing of the plaintiff's action. The case of M'Hugh and Hancock, also decided by this Court, and which has been relied on by the plaintiff's counsel, is not thought to conflict with that of Bobb & Shipley. Under this view of the case, the action was barred before the act of 1825, and the other points in the cause need not be noticed. Upon the whole, the judgment of the Circuit Court is affirmed, with costs.

(*a.*) See Boynton *v.* Reynold's, 3 Mo. R., p. 79; Grimsley *v.* adm'r. of Riley, 5 Mo. R., p. 281.

(*b.*) King *v.* Lane, 7 Mo. R., p. 241.