Knowles *v.* Mercer.

---

KNOWLES, Respondent, *vs.* MERCER, Appellant.

1. The Supreme Court cannot exercise original jurisdiction by ordering a chancery case, on appeal, to be referred to a commissioner. Where the court is not satisfied from the evidence in the bill of exceptions that the decree of the court below was correct, and no

account was taken, so that it is impossible to state what errors were committed, the case will be reversed and remanded, with directions to the court below to have an account stated between the parties.

## *Appeal from Jackson Circuit Court.*

*Sheley,* for appellant.

*Hovey,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Knowles filed a bill in chancery for the settlement of a partnership account between himself and the defendant, Mercer. The bill states that a partnership was formed in an adventure to Santa Fé, and proceeds to detail the terms of the agreement, and the results of the adventure, and claims that, upon a settlement, a balance is due the plaintiff. The answer admits the partnership, and the terms, as stated in the bill ; gives a different detail of the transactions in the business ; charges Knowles with misconduct, and claims that, upon a settlement, a balance will be found due to the defendant. A replication being filed, the case was heard by the court upon the evidence. There was no reference to a commissioner to take an account, and no account was stated by the court ; but a decree for a sum of money was rendered in favor of the complainant, and certain effects of the concern were by the decree allotted to each of the partners.

1. The appeal brings the case before this court without a possibility of ascertaining upon what basis the decree was rendered. It cannot be known what items were allowed to either party upon the adjustment of the account, nor what was the result of the adventure in which they were engaged. A reference cannot be made by this court, because it would be exercising original jurisdiction, as the commissioner would be obliged to bring before him the parties and their witnesses, and state the account upon their testimony. In this condition of the case, we can only look into the record, and determine whether, from the evidence stated in the bill of exceptions, the result arrived at by the Circuit Court is satisfactory ; whether,

in the absence of all details, and all calculations, we believe a proper decree has been rendered. We are by no means satisfied that the decree is correct; but it is impossible to state the particulars in which any errors were committed in the court below, in the absence of the account upon which the decree was based. The appeal in chancery brings the whole case before this court upon the law and facts, and the decree to be rendered here when the whole case is properly presented, is, in general, a final decision of the cause. But in the present case no such decree can be rendered. The decree of the Circuit Court will, therefore, be reversed, and the cause remanded, with directions to that court to have an account between the parties in relation to the adventure, fully stated. It is not necessary, nor would it be proper here, to lay down the principles upon which the account is to be stated, as the Circuit Court is charged with that duty as a part of its original jurisdiction, when it refers a case to a commissioner. If the account thus stated shall be unsatisfactory to either of the parties, and exceptions be taken to it, the questions may be preserved so as to be reviewed by this court, and when the decree is rendered, it will appear what items have been sanctioned by the court.