STATE ex rel. HENRY C. ALLEN, Relator, v. THE JUDGES OF THE ST. LOUIS CIRCUIT COURT, Defendants.

1. *Supreme Court—Practice—Reversed and Remanded—Circuit Court.*—Where a decree of the inferior court is simply reversed for error by the Supreme Court, and the case remanded for further proceedings, the inferior court is not required to enter up judgment for the appellant or plaintiff in error, but may re-try the case, following the opinion of the Supreme Court upon questions of law ; except in cases where special directions are given by the Supreme Court.

2. *Practice—Supreme Court—District Court.*—The rules of practice established for the guidance of the District Courts, G. S. 1865, ch. 135, are also applicable to the Supreme Court.

3. *Practice—Cases in Equity and at Law—Pleadings—Trials.*—The pleadings in equitable cases are to be the same in form as in cases at law, and issues of fact or law are to be made up in the same way in both classes of cases ; the evidence is to be produced under the same rules and to be preserved in the same way by bills of exceptions ; exceptions, bills of exceptions, new trials, and appeals, are governed by the same provisions. In equity cases, all the material evidence should be incorporated into the bill of exceptions, for the case is to be heard in the Supreme Court upon the pleadings and the evidence, and the whole case will be passed upon by the Supreme Court and decided accordingly.

*Petition for Mandamus.*

*Ladue* and *Birge*, for relator.

I. The Supreme Court should grant a writ of mandamus where there is no other legal remedy or means of enforcing a right which the applicant is legally and equitably entitled to, and which is legally demandable of the person to whom the writ is directed—Tap. on Mand. 29.

II. The Circuit Court, in this case, by refusing to grant a motion to enter judgment in accordance with the mandate of the Supreme Court, has subjected itself to a writ of manda-

mus commanding them to do so—the same being a proper
motion and in accordance with the chancery practice—7
Paige Ch. 108.

III. After a cause in chancery has been heard below on bill,
answer, and proof, and no exceptions taken or questions of
law reserved by either party, and cause appealed to Supreme
Court, and judgment below reversed on a review of the
facts, and cause remanded to the court below for further pro-
ceedings, in accordance with the decisions of the Supreme
Court; the court below cannot legally permit a rehearing of
the cause, but should render judgment according to the de-
cision of the Supreme Court—6 Wis. 295 ; 7 Wis. 100 ; 4
Sandf. Ch. 369 ; 5 Hill, (N. Y.) 507 ; 1 John. Ch. 189 ; 4
Paige Ch. 409 ; 6 id. 473 ; 2 id. 45 ; — Hard. (Ky.) 447 ; 1
Har. (Del.) 413 ; 12 Sm. & M. 513 ; 15 How. (U. S.) 459,
and cases cited ; Sto. Eq. Pl. § 414.

IV. In equity cases, where the whole issue has been passed
upon by the appellate court and the judgment of the court
below affirmed or reversed, no rehearing will be granted
unless it appears by affidavit or proof that new evidence has
been discovered which could not have been produced at the
former trial, which if it had been produced and allowed
would have been sufficient to have changed the result, or
that something new has transpired since the former hearing
which would have changed the result; and it must appear
that the facts are sufficiently clear and strong to maintain
a bill of review in case a final decree had been entered—3.
Sto. R. 298–325 ; 5 Mas. C. C. 312 ; G. S. 1865, p. 549, §§
41, 44, & 46.

*Sharp & Broadhead*, for defendants.

When we look to the statute to learn the legal effect and
meaning of the decision of this court, it will be seen that by
§ 41, p. 549, G. S., that the court "in appeals or writs of
error shall examine the records and award a new trial, re-
verse or affirm the judgment or decision of the Circuit Court,

or give such judgment as such court ought to have given, as to them shall seem agreeable to law."

Sec. 44 provides, the court, "upon the determination of any cause, in appeal or error, may award execution to carry the same into effect, or may remit the record with their decision thereon to the court from whence the cause came, and such determination shall be carried into execution by such court.

Thus by § 41 the court may either affirm or reverse and remand for another trial, or give judgment itself, either as it thinks just and right. And by § 44, if it gives judgment itself, it may either award execution, or remit the record with its decision thereon to the Circuit Court to execute the judgment which has been rendered.

If this court, when it heard the cause on appeal at the last term, had given judgment (as it might have done if it considered the case in a proper condition therefor, and the law and ends of justice carried out thereby), it would, as required by law, either have awarded execution, or remitted the record to the Circuit Court with an order to execute such judgment. But neither and nothing of the kind was done; it only reversed the decision of the Circuit Court and remanded the cause for further trial; it did not render any judgment.

The opinion states that the court below ought to have rendered a different decision on the case than the one that it did, and therefore it reverses that decision and remands the case to that court; but no judgment is rendered by this court, no execution awarded, nor the transcript remitted, with orders to execute any judgment. But when the decision of the court below was reversed and the cause remanded, what was it remanded for? The mandate to the Circuit Court says plainly—"for further proceedings in conformity with the opinion of this court." The Circuit Court must try the case upon the rules and in conformity with the declarations of the law laid down by this court, and if no other state of facts appears than was seen by the record here,

then declare certain deeds fraudulent; this and nothing else could the Circuit Court do under the decision and mandate. Not only was no judgment rendered by this court and no execution awarded, no order to the court below to execute any judgment, no order remitting the record to the Circuit Court, but the opinion of this court shows that no such thing was intended; for its language is that the court below, on the facts before it on the former trial, ought to have rendered a different judgment, and its judgment is reversed—no order that it shall render and execute any kind or form of judgment. The mandate of this court to the Circuit Court follows the opinion; it remands the cause to that court for trial, for further proceedings, in conformity with the opinion.

We submit, then, that the Circuit Court properly refused the prayer of the motion, and, under the law, the opinion of this court, and the mandate; it could not and cannot take any other course than proceed to try the cause in conformity with the opinion of this court. Such has been the universal and uninterrupted practice and construction of the courts and bar of this State from the earliest existence of the State. The statute of Wisconsin differs from ours—Stat. of Wis. 1858, p. 639, §§ 6 & 7.

If at the same term this case was heard here, while this court had the whole case before it, it could, if applied to, order the court below to enter judgment and specify in its order what judgment to render; but this was not done or applied for. Now, this mandamus is asked for to compel the court below to enter a judgment when it was not ordered to do so, and the mandate to it did not require it or authorize it under the statute; the court below has not refused to carry out any order of this court, and is discharging its duty.

HOLMES, Judge, delivered the opinion of the court.

This is a petition for a *mandamus* upon the St. Louis Circuit Court. It is stated that upon the filing of the mandate from this court in the case of Allen v. Berry et al., 40 Mo.

282, the petitioner moved the Circuit Court for judgment in said cause according to the decision of this court; that the motion made at the special term was reserved for a hearing at the general term, and was certified back with instructions to deny the same, and that thereupon he renewed his motion at the special term, and the same was overruled; wherefore he prays a *mandamus* to said court to compel them to grant said motion.

The judges make return " that it is not the practice of the court to enter up judgment without a rehearing of the cause, where it has been reversed and remanded, according to the judgment and mandate of the Supreme Court in such cases, and that there had been no such rehearing of the cause." The case is submitted on a demurrer to this return.

The case of Allen v. Berry et al. was a suit in equity, and upon a hearing of the cause in this court on appeal from the St. Louis Circuit Court, the judgment was reversed and the cause remanded. No other decree was rendered in this court. No special directions were given in relation to further proceedings in the court below, beyond the questions determined and the principles laid down in the opinion.

The petitioner insists that the court below shall be required to enter up judgment for the plaintiff in said cause, according to the decision of this court, without opening the case for further evidence, and without a rehearing in that court.

This motion proceeds upon an entire misconception of the laws and practice in this State in equity cases. The statute of 1855, relating to practice in the Supreme Court, provided that this court "in appeals, or writs of error, shall examine the record, and award a new trial, reverse or affirm the judgment or decision of the Circuit Court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law"—R. C. 1855, p. 1301, § 35. This statute was not re-enacted in the revision of 1865, otherwise than as it was incorporated into the chapter (135) concerning the District Courts, in which the particular section, like nearly all the rest,

is applied to the District Courts ; but we have held that this chapter applies to this court also, so far as its provisions may be applicable under the forty-sixth section ; and the practice of this court in respect of the matter in hand remains the same as it was before the revision.

The practice acts of 1849, 1855, and 1865, have in a great measure, if not altogether, superseded the practice in chancery of the code of 1845, and have, to a large extent, though not entirely, assimilated the forms of proceeding in equity to those in cases at law, without abolishing the distinctions in principle between common law and equity jurisprudence. Nor have the differences in the modes of proceeding been wholly abolished, but they are in many respects expressly recognized by the existing practice act, and are embodied in its provisions. The pleadings are to be the same in form, but may be different in the contents. Issues of law or fact are to be made up in general in the same way in both classes of cases (ch. 169, §§ 1–4) ; the distinction between trials by jury and trials by the court is preserved, and particular issues may be made up and sent to a jury for the purpose of taking the opinion of the jury upon any specific question of fact involved in the case, as in the former equity practice (§§ 11–13 ; Conran v. Sellew, 28 Mo. 320) ; the evidence is to be produced under the same rules and preserved in the same way by bill of exceptions; exceptions, bills of exceptions, new trials, and appeals, are governed by the same provisions (ch. 172) ; and all cases are to be set for trial in the same manner. Under the practice act of 1845 (in chancery), an equity case was specially set down for a hearing at the next term after the cause was at issue, and witnesses were examined orally, and depositions were read, in the same manner as at law, but provision was made that all the testimony should be reduced to writing on the trial and preserved in the record, and the cause was heard in this court upon appeal upon the pleadings and the evidence thus preserved. The practice of taking all the testimony in written depositions, and making publication of the depositions taken, and closing the case against the in-

troduction of further evidence after publication passed, did not prevail in this State. If the evidence were not fully preserved in the record as the statute required, the omitted evidence was not heard upon appeal to this court—Bean v. Vallé, 2 Mo. 126. If the evidence preserved did not support the decree rendered in the court below, the case was reversed in this court ( Baker v. McCarty, 5 Mo. 1 ) ; and if proper, it was remanded for a new trial ( LaBarge v. Chauvin, 2 Mo. 180). The evidence is now to be contained in the bill of exceptions in the same manner as in cases at law, and it is apparent that especial care should be taken, in equity cases, that all the material evidence should be incorporated into the bill of exceptions, for the case is to be heard in this court upon the pleadings and the evidence. If the decree or judgment be found to be correct upon the case made, it will be affirmed ; if erroneous, or unsupported by the evidence, it will be reversed, and either remanded for a new trial, or the petition be dismissed : and in such case, if this court can proceed to render such judgment or decree in this court as ought to have been given below, on the case made, it will do so ; but if that cannot properly be done, the judgment is necessarily to be reversed, and the cause dismissed or remanded for a new trial or hearing in the court below—Rutherford v. Williams, Oct. T., 1867. A reversal may not affect any orders or proceedings which have been had prior to the final order or decree from which the appeal is taken, but that judgment is annulled by its reversal, and there must necessarily be a new hearing so far, and another final judgment must be rendered from which an appeal may be taken.

In Knowles v. Morris, 16 Mo. 455, the evidence was preserved by a bill of exceptions ; the court was not satisfied that the decree was correct, nor could they proceed to render a proper decree upon the record as it was ; and it was said by Gamble, J., that "the appeal in chancery brings the whole case before the court upon the law and the facts, and the decree to be rendered here when the whole case is properly presented, is, in general, a final decision of the cause ;

OCTOBER TERM, 1867.                581

State ex rel. Allen v. St. Louis Circuit Ct.

but in the present case no such decree can be rendered." The decree of the Circuit Court was therefore reversed, and the cause remanded, with directions to have an account taken and stated, and a new decree was to be rendered upon another hearing, which would be subject to review in this court on appeal. It was said also that it would not be proper here to lay down the principles upon which the account was to be stated, as the Circuit Court was charged with that duty as a part of its original jurisdiction. It is very probable that a decree might be rendered in this court, in a proper case, which would require further proceedings in the court below, by reference or otherwise, on the basis of the decree rendered, and for the purpose of carrying it into execution. But this is no such case. No decree was given in this court beyond a reversal, and the cause was simply remanded for a new trial.

In such case, the opinion may settle the principles by which the case is to be governed, and directions may be given, in suitable cases, as to the proper course of proceeding in the case ; and it is to be presumed that the court below would consider itself in duty bound to follow the principles determined and to pursue the directions given ; but this court cannot direct the inferior court what judgment it shall pronounce in the exercise of its original jurisdiction. That must be the judicial act of the Circuit Court itself. Nor can the Circuit Court proceed to give judgment without a hearing. Nor is there any law to preclude either party from offering such evidence upon the new hearing as may be competent and admissible. There is no such thing in our practice as a final closing of the evidence upon publication passing.

It is considered that the authorities which have been cited from other States where the practice in chancery is governed by different statutes, or by the English chancery practice, have no application here upon this question. Nor are the cases of bills of review, or supplemental bills, for the correction of decrees rendered and still remaining unreversed,

582 ST. LOUIS.

State ex rel. Allen v. St. Louis Circuit Ct.

at all in point. The statutes of New York directed that when appeals shall have been determined in the Court of Appeals, a *remittitur* should be sent down with the proceedings, order or decree to the court below for such further proceedings as might be necessary to carry it into effect—2 Hoff. Ch. Pr. 51. The cases cited from that State show scarcely more than that a rehearing is not to be had, as a matter of course, upon any decree that is already established by the appellate court.

In the case of Miner v. Medbury, 7 Wis. 100, two motions were made in the appellate court, one for a rehearing, and the other for an amendment of the *remittitur*, by adding a direction to the court below to enter judgment according to the decision. Both motions were overruled. It was said that the court would presume that the inferior court would proceed to carry out the judgment according to the views expressed in the opinion ; and it was denied that the case would be open for further testimony and for a trial *de novo*. It was said that the court below ought to proceed to final judgment in conformity with the decision, without reopening the case for new testimony, and that the practice in Wisconsin remained " essentially the same in what were equity cases, since the adoption of the code." However that may have been in that State, it is very certain that no such practice has existed hitherto in this State, or can exist here, under the statute laws. On the contrary, when the case is simply reversed and remanded for a new trial and a new judgment, it is to be heard as before upon such evidence as either party may have to offer, upon the matter which is to be so heard anew.

The peremptory *madamus* is refused. The other judges concur.