IRA N. PAVEY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellants.

### Kansas City Court of Appeals, March 5, 1900.*

**Master and Servant:** DEFECTIVE APPLIANCE: KNOWLEDGE: NEGLIGENCE: REASONABLE TIME. A master must have knowledge of the defect in his machinery a reasonably sufficient time to repair the same before he is liable for injuries resulting from such defect; and so a railroad company is not liable to a brakeman for injuries caused by a defective handle on a car, which has just arrived in the yards and been inspected, unless sufficient time for repairs has elapsed between the inspection and the injury. Instructions considered and criticized.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*L. F. Parker, Hackney & Thomas* and *Jno. H. Lucas* for appellant.

(1) The court erred in giving instructions for the plaintiff, numbered 1, 2, 3, 4, 5 and 6. Oliver v. Railroad, 47 Am. and Eng. Railroad Cases, 576; Payne v. Railroad, 136 Mo. 594; Woods Railway Law (Ed. 1885), p. 1464; Flanagan v. Railway, 45 Wis. 98; s. c., 50 Wis. 462; Mfg. Co. v. Woodson, 98 Ala. 378. (2) The court erred in refusing to give instructions for the defendant. Moore v. Wire Mill Co., 55 Mo. App. 494; Youll v. Railroad, 21 Am. and Eng. Railroad Cases, 592.

NOTE.—Received by the reporter November 20, 1900.

*McReynolds* and *Halliburton* for respondent.

(1) The court did not err in giving instructions for plaintiff. They recite the facts necessary for plaintiff to recover and tell them if they believe from the evidence such facts to be true they will find for plaintiff. Zimmerman v. Railroad, 71 Mo. 476; Moor v. Railway, 73 Mo. 438; Humbird v. Railway, 110 Mo. 76. (2) An informality in an instruction which is not prejudicial does not warrant a reversal. Baskin v. Crews, 66 Mo. App. 22. (3) The court did not err in refusing instructions asked by defendant, even though said instructions were correct, they are fully covered by the instructions given in the case. The court had a right to refuse on account of number. State v. Frazier, 137 Mo. 317; Crews v. Railroad, 19 Mo. App. 302; Buck v. Railway, 108 Mo. 179; Blanton v. Dodd, 109 Mo. 64; McCartney v. Ins. Co., 45 Mo. App. 373; Harkness v. Briscoe, 47 Mo. App. 196; Gelvin v. Railroad, 21 Mo. App. 273. Where a party offers thirteen to fifteen instructions the court is justified in refusing all. In this case defendant asked thirteen. Flynn v. Railroad, 43 Mo. App. 424; Connor v. Heman, 44 Mo. App. 346; Hannibal v. Richards, 35 Mo. App. 15; Girard v. Wheel Co., 46 Mo. App. 79.

GILL, J.—Defendant has appealed from a judgment of $2,400 recovered against it for personal injuries received by plaintiff while acting as a switchman in defendant's yards at Monett, Missouri. A statement of the case as furnished by defendant's counsel, gives a fair understanding of its nature.

On the morning of September 4, 1897, while engaged in switching cars from the main line to the several side tracks at that point plaintiff was run over by Frisco stock car No. 3832, having his foot crushed and mangled and suffering other permanent injuries. In substance, the petition alleged

that Monett was a division point on defendant's road; that at said point defendant maintained switches and repair crews, whose duties were to distribute cars, make up trains, inspect and repair all cars found to be in bad order. That on said day there was brought into the yards Frisco stock car No. 3832, with other cars; that on the same were hand-holds, which were bolted onto the ends thereof by bolts, running into the body of the car and fastened with a tap or nut secured on the outside. That said car 3832 had such hand-holds thereon; that on one side of the car the nut or bolt had come unscrewed and dropped off and left the hand-hold so that it was dangerous and unsafe; that this car was examined and the dangerous condition discovered but was not repaired nor marked in bad order nor any notice given that it was out of order and that plaintiff had no notice thereof. That on that day it became necessary to take stock cars Nos. 4772, 3552 and 3832 from track No. 2; to place cars 3552 and 3832 on track No. 7; that car 4772 was on one end and car 3832 on the other end with car 3552 in the middle; that said cars were taken to a switch that opened and entered track No. 7, and 3552 and 3832 were sent in on track No. 7 with car 3832 going in first, that plaintiff under the direction of his foreman, went with car 3832 to couple the same to other cars; that it became and was necessary to walk at the center of the track while the cars were moving; that other cars, 3832 and 3552, were sent in on track 7; car 4772 was sent back on track 2 at a rapid rate of speed, and before cars 3552 and 3832 had cleared track 2 far enough for car 4772 to pass, and car 4772 was run violently against car 3832; that plaintiff, for the purpose of escaping from the dangerous position he was in by reason of the collision of the car, grabbed for the hand-hold on car 3832 and placed one foot on the brake-beam; that by reason of there being no tap on the end of the bolt the hand-hold gave way and let plaintiff fall on the track, and

car 3832 ran over his foot, whereby he was permanently disabled.

The answer was a general denial and plea of contributory negligence.

The evidence in many respects was conflicting, but concerning the question of the defective hand-hold it was substantially that the train arrived in the yards early in the morning of that day and the defective condition of the hand-hold was discovered by the inspector, but before it was repaired the car was shifted by the crew and the accident occurred.

Plaintiff admitted that he was walking in the center of track No. 7 for a distance of several car lengths before the collision. In other respects plaintiff testified substantially as declared in his petition. He was, however, contradicted in several important particulars by those working with him at the time. According to their testimony, plaintiff did not attempt to use the hand-hold, but was simply knocked down by the moving cars whose speed had been accelerated by the "cornering" motion of the car on the adjacent track.

The matters complained of relate to the court's action in excluding evidence offered by defendant and in giving certain instructions for plaintiff. We will consider these in the reverse order named. Plaintiff's instructions numbered one and three are quite lengthy and we shall not attempt to quote them. They, however, told the jury, among other things, that if the plaintiff while being run upon by the two detached cars, and in order to save himself, reached for and seized the defective hand-hold which gave way and precipitated him upon the track, "and that said defendant knew that said hand-hold was out of repair and in an unsafe condition, or could have known it by ordinary diligence, and plaintiff did not know said hand-hold was out of repair, and plaintiff by reason of the cornering and colliding of said cars and the unsafe and dangerous condition of said hand-hold, fell on the

track" and his foot was run over, mashed, etc., then the jury should find the issues for the plaintiff.

It will be seen that the foregoing instruction imputes negligence to the defendant from the mere knowledge, actual or constructive, of the defective hand-hold at the time of the accident. To justify a verdict for plaintiff, it was declared sufficient that he was injured by reason of the appliance being out of repair of which he was ignorant but of which the defendant had notice at the time. Under the particular facts which the evidence tended to prove, we think the instruction should have been qualified so as to declare not only, that defendant had at the time knowledge of the hand-hold being out of repair, but that such knowledge had existed for sufficient time to have allowed defendant to repair it in the exercise of ordinary diligence. The master in such cases is not an insurer; he does not warrant absolutely against all injuries from defective appliances; he only agrees, in the eyes of the law, to exercise ordinary care to furnish the servant with reasonably safe tools or implements for the work. As said in Wood's Law of Railways, Vol. 3, sec. 373, "nor is the company responsible for an injury resulting from defective appliances, unless it has been guilty of negligence in ascertaining the defect. Thus, if the coupling of a freight car suddenly becomes out of repair, the railway company using the same will not be liable for an injury to an employee, received in consequence thereof, unless its attention had been called to the defect, or the company, by the exercise of a reasonable degree of care, could have discovered the defect *and had an opportunity to make the needed repairs.*" See also, Flanagan v. Railway, 45 Wis. 98. So, too, in Seabord Mfg. Co. v. Woodson, 98 Ala. 378 (a case similar to the one at bar) it was said: "Unless there had been a reasonable opportunity to effect a remedy, it could not be said that the failure to do so was negligence. The defendant must have had sufficient

time to remedy the defect after its discovery, before it could be chargeable with negligence in failing to effect such remedy. Mere knowledge without the opportunity to act upon it, would not constitute negligence."

In this case now, though it appears that defendant's inspector at Monett discovered the defective condition of the hand-hold in question, yet such inspection and discovery was only a short time before the accident, and whether sufficiently long before, so that it might, with reasonable diligence, have been repaired, is not at all certain under the evidence. It appears that this car had been brought into the yards at Monett that same morning and perhaps not more than an hour or two before plaintiff was injured, and shortly thereafter it was inspected and found out of repair. It may be well contended then that defendant did not have reasonable time to repair the defective hand-hold after discovering its condition. This was a question for the jury and it should have been so submitted. But plaintiff's instructions, though assuming to embody every material fact and issue in the case, omitted the foregoing qualification and for that reason they were erroneous.

At most, plaintiff's claim is one of doubtful merit; the record does not present such a case as would justify us in passing over such errors as above noted, even though they may appear technical. As already stated, the plaintiff was substantially contradicted by all the eye-witnesses to the accident, was contradicted also by a written statement signed by himself shortly after the injury; and besides, his credibility was shaken by the admitted fact that before the trial he wrote to one of the switchmen suggesting a reward if the party as a witness would give evidence favorable to the plaintiff.

Defendant's counsel have complained of various rulings on evidence, some of which, too, seem to have been error. We

deem it however unnecessary to refer to these since, at all events, the judgment must be reversed for reasons before stated. The defendant did not have a fair and impartial trial of the issues involved, and the judgment therefore will be reversed and cause remanded. All concur.