GUSTAV SCHOENBERG, Respondent, v. EDWIN LOKER, Appellant.

St. Louis Court of Appeals, April 9, 1901.

1. **Warranty: SALE: SALE BY SAMPLE.** If articles are not made according to sample and are unsuited for the purpose for which made, the defendant, by retaining them and not offering to return them, is not bound thereby to pay the contract price.

2. ———: ———: ———: OFFER TO RESCIND SALE: VALUE OF ARTICLE. But by retaining them and not rescinding nor offering to rescind the contract, he is liable only to pay their value for some other purpose.

3. ———: ———: ———: FAILURE OF CONSIDERATION. And if the manufactured articles are worthless for any other purpose, and do not conform to the sample furnished by the defendant, there is a total failure of consideration for the contract.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED.

*Willi Brown* for appellant.

(1)   The plaintiff failed to establish his case by his evidence in chief, by failing to show that the admitted fault in the articles manufactured by him was due to the orders of the defendant; by failing to show that he had followed the sample, and by failing to show an account stated.   (2)   The plaintiff showed a receipt of the goods by defendant once, but failed to show an acceptance of the goods; except that acceptance which they claim resulted from their being kept after notice of their fault and after refusal of payment.   "Receipt is one thing; acceptance is another."   2 Benjamin Sales, sec. 935, citing Calhoun v. Paule, 26 Mo. App. 274.   (3)   Plaintiff's instruction that he was entitled to recover the contract price for the boxes, even if made wrong, if the boxes were not returned by defendant and if the jury found they were "of value," is open to four objections.   Brown v. Weldon, 99 Mo. 564; approved in Keystone v. Leonard, 40 Mo. App. 481; Baker v. Railway, 41 Mo. App. 260; Long Bros. v. Armsby, 43 Mo. App. 271; Spence v. Crow, 47 Mo. App. 324; Boyer v. Noel, 50 Mo. App. 36.   (4)   The instruction does not state the law correctly.   "The rule that goods must be returned does not apply to executory contracts, as where goods are ordered made by a manufacturer."   Wade v. Scott, 7 Mo. 513.   "Where goods are ordered on approval or on trial, or when manufactured to order, the buyer has a reasonable time to examine; if examined and reported unsatisfactory to the seller or maker within a reasonable time, there need not be an offer to

return or return, unless so agreed." Esterly v. Campbell, 44 Mo. App. 625 ; Kerr v. Haymarket, 20 Mo. App. 353.

*Rassieur & Buder* for respondent.

Plaintiff's instructions correctly stated the law. Neither party to a contract can rescind without replacing the other in *statu quo.* This is the law unless the article involved is worthless, not only for the purpose for which it was bought, but for every other purpose. The question of value is properly left to the jury. Keystone v. Leonard, 40 Mo. App. 477 ; Fenwick v. Bowling, 50 Mo. App. 516 ; Brewing Association v. McEnroe, 80 Mo. App. 429 ; Thummell v. Dukes, 82 Mo. App. 53.

BLAND, P. J.—The suit was commenced before a justice of the peace on the following account:

"St. Louis, December 14, 1897.
"Edwin Loker, doing business as Home Novelty Mfg. Co.,
        "To F. E. Schoenberg & Sons, a co-partnership composed of Edward H. and Gustav Schoenberg, Dr.
        "1897

| | | | |
|---|---|---|---|
| "February 26—175 turkey callers at 11c | | $ 19 | 25 |
| 825 turkey callers at 11c | | 90 | 75 |
| "July 13—100 cases, at $1.50 | | 150 | 00 |
| | | $260 | 00 |
| "By cash | $75 00 | | |
| "By cash | 35 00 | 110 | 00 |
| "Balance due | | $150 | 00 |

The cause was taken to the circuit court by appeal. On the trial in the circuit court, the only matter in controversy was

the contention of appellant that the one thousand turkey callers, charged for in the account, were not made according to sample and were wholly worthless.

· The evidence for plaintiff tended to prove that the callers were made exactly according to sample furnished by the defendant, and after delivery were returned to respondent's factory by appellant and made thinner on the sides as requested and returned to him after the alteration was made; that appellant received and retained the callers and never returned or offered to return them and had failed and refused to pay for them.

On the part of the appellant the evidence tended to prove that the callers were not made according to sample; that appellant took a part of them back to respondent to have the inside cut out on the ends; that in attempting to do this, the respondent's workmen would cut through the sides and spoil the callers; that appellant received an order from J. R. Boddie, one of the patentees of the callers, and that after Boddie had selected a sample by which to make the callers; he took the sample to respondent and gave him the order, to be filled in exact conformity to the sample; that after the callers were delivered, Boddie selected one hundred of the best and sent them to one Gibson, the inventor of the caller, then in the State of Arkansas, to be finished up; that Gibson was unable to make a successful caller from any of them and that the lot was wholly worthless.

The turkey caller is described as a wooden box, made from a block about seven inches long on top, about nine inches long on the bottom, about one inch wide, about two inches deep, the opening about four and one-half inches long on one side and about six inches on the other, and when correctly constructed with a proper covering, can be made to imitate all the notes and calls of the wild turkey, including the gobble.

The evidence tends to prove that not one of the boxes furnished by the respondent could be converted into such a caller.

On behalf of plaintiff the court gave the following instruction, to the giving of which defendant objected and excepted: "The court instructs the jury that even if they find and believe from the evidence that the turkey callers, if any, furnished by plaintiff to defendant were not in accordance with sample furnished to plaintiff, but were delivered to defendant, yet your verdict will be for the plaintiff unless you further find that the turkey callers were returned or tendered to plaintiff when found not to be in accordance with sample, provided you further find that the turkey callers, as furnished, were of value."

The jury returned a verdict for plaintiff for the full amount sued for.

Defendant, after unavailing motions for new trial, appealed and assigns as error the giving of the foregoing instruction on the part of respondent.

I. The turkey callers which respondent agreed to manufacture were for a particular purpose and were to be made according to the sample furnished. In such circumstances the law implies a warranty on his part to make them according to the sample. If the callers were not made according to sample and were unsuited for the purpose for which they were made, the appellant, by retaining them and not offering to return them, was not thereby bound to pay the contract price; but by retaining them and not rescinding nor offering to rescind the contract, was liable only to pay their value (if any), for some other purpose. Brown v. Weldon, 27 Mo. App. 251; s. c., 99 Mo. 564; St. Louis Brewing Ass'n v. McEnroe, 80 Mo. App. 429; Osborne & Co. v. Henry, 70 Mo. App. l. c. 27, and cases cited; Danforth & Co. v. Crookshanks, 68 Mo. App. 311; Benj. on Sales (6 Ed.), 908; Guerney v. Ry., 58 N. Y. 358.

The instruction (supra) did not limit the recovery of the

value of the callers to what they were worth for some other purpose, if of no value as turkey callers, and to that extent it is opposed to the rule as announced in the foregoing cases and is, therefore, erroneous.

II.   But under the evidence, there was no authority for giving the instruction in any form—for there is no evidence that the callers were of any value for any other purpose—(and it is clearly apparent from a description of them that they are of no appreciable value for any other purpose), and if they were worthless as turkey callers and did not conform to the sample furnished, there was a total failure of consideration for the contract, and the finding as to them should have been for the appellant.   Johnson v. Sproule et al., 50 Mo. 121; Compton v. Parsons, 76 Mo. 455, and cases cited under paragraph 1 of this opinion.

The judgment is reversed and the cause remanded.   All concur.   Judge *Bond* concurs in the second paragraph of this opinion.