JOHN L. LILLY et al., Appellants, v. MARIA T. MENKE
et al., Respondents.

#### Kansas City Court of Appeals, February 10, 1902.

1. **Trial Practice: PLEADING: NAME 'OF: EQUITY.** Where the
cause of action is well founded and the pleading sets it out in ordi-
nary and concise language the name given it is not material since
the common law forms regulating equity pleading are not in force
in this State.

2. **Trial and Appellate Practice: EXCEPTIONS: LAW: EQUITY.**
The appellate court hears an equity case *de novo* but it is necessary
to secure such hearing that exceptions be taken and preserved as
they are at law.

3. ———: ———: :MOTION FOR NEW TRIAL. Where motions in
a cause are mere adjuncts to the original proceeding, motions for
new trial are not deemed necessary and the appellate court will re-
view them on proper exceptions preserved; but where motions are
more than such adjuncts, motions for new trial are required to au-
thorize a review of the action of the court on appeal; and in both
instances exceptions must be taken at the time of the ruling com-
plained of or no review thereof can be had.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broad-
dus,* Judge.

AFFIRMED.

*Alexander Graves* and *Scott J. Miller* for plaintiffs.

(1) Respondents say no exceptions were saved to the
overruling of motions. No motion in arrest or for a new
trial was necessary in order to present this case on appeal to
this court, and, hence, it is wholly immaterial whether excep-
tions were saved to the overruling of those superflous motions.
Shephard v. Drake, 61 Mo. App. 138; Erskine v. Loewen-
stein, 82 Mo. 301; Parker v. Waugh, 34 Mo. 340; Slagel,

Adm'r, v. Murdock, 65 Mo. 552. (2) But no motion for a new trial or in arrest of judgment is necessary in any original suit in equity in order to obtain a review on appeal from an erroneous conclusion reached by the trial court. In the chancery practice, where all the evidence was documentary, or at least in the form of depositions not even a bill of exceptions was required in order to a review upon appeal, the evidence being transcribed and set up by the master in chancery for review upon appeal. 2 Daniell's Chancery Pr., sec. 2, p. 1471. Especially is this true of motion like this (Idem, pp. 1472 and 1473 at bottom), and this must be presented to the appellate court (Idem, p. 1478 at bottom). Black v. Lamb, 12 N. J. Eq., 110, 111, 112, 113; Blount v. Spratt, 113 Mo. 48; McElroy v. Maxwell, 101 Mo. 294; Benne v. Schnecko, 100 Mo. 250; Sheridan v. Nation, 159 Mo. 41; Morey v. Staley, 54 Mo. 421.

*J. M. Davis & Sons* with *Frank Sheetz* and *C. A. Loomis* for respondents.

(1) There is no error upon the record of this case upon which this court can reverse, and even though there was, appellants having made no exception to the overruling of their motion in arrest, the court could not reverse the case for such error. Casler v. Gray, — Mo. —. (2) Plaintiffs having failed to except to the ruling of the court in overruling their motion for new trial as well as in overruling their motion in arrest, there is nothing before this court for its consideration. Ryan v. Growney, 125 Mo. 481; Casler v. Gray, — Mo. ——; Hoffman v. St. Louis Trust Co., 151 Mo. 520; Jackson v. Railroad, 80 Mo. 147, and many other cases in Missouri.

BROADDUS, J.—The finding and judgment from which the plaintiffs have appealed were rendered on the

twenty-ninth day of September, 1899. On the same day the plaintiffs filed their motion for a new trial and in arrest of the judgment; and on the same day they were overruled by the court. The record discloses the fact that the plaintiff took no exceptions to the action of the court in overruling these motions. The defendants make the point in this court that as the plaintiffs took no exceptions to the action of the court in so overruling their motions for new trial and in arrest of judgment, there is nothing before this court to review.

The petition in this case is denominated a supplemental petition. It was filed at the January term of said court for the year 1899. The record shows that there had been several suits pending between the parties at different times concerning the last will and testament of one Ilett Lobbien, deceased, and the partition of his estate. All these cases but the last one had been terminated years before. The last one, however, which was a partition case, was determined finally at the same term of court during which the petition in this case was filed. However, prior thereto the judgment in the partition suit had been rendered and all the costs paid.

The petition in this case discloses that the plaintiffs seek to have the share of the funds belonging to defendants in the hands of the court, charged with certain taxable costs paid by plaintiffs, and incidental expenses of plaintiffs' agents incurred, and attorneys' fees paid, in their prior litigation. The defendants claim that the court could acquire no jurisdiction through a supplemental bill, as the facts therein pleaded show that they came to the knowledge of the plaintiffs prior to the filing of the original bill in partition. But we do not consider the point well taken, for under our code of practice, if the plaintiffs' cause of action is well founded and set out in ordinary and concise language, the name he gives his pleading is not material. It is the justness of his cause that entitles him to a hearing. The common-law forms, regulating equity pleading, are not in force in this State.

That it is an equitable proceeding, the record abundantly discloses, and whether it be called a supplemental bill, a petition in equity, or a motion, it is to be so considered.

It is admitted on all sides, if the case was an ordinary case at law, it could not be reviewed here on the findings of the trial court because no exceptions were taken to those findings. But it is claimed by plaintiffs that as all equity cases are heard *de novo* by the appellate court, it was not necessary to except to the action of the trial court in finding against them. That it is the settled law of this State that equity cases are to be tried on appeal in the appellate court *de novo*, there can be no question. Blount v. Spratt, 113 Mo. 48; Lins v. Lenhardt, 127 Mo. 280; McElroy v. Maxwell, 101 Mo. 294; Benne v. Schnecko, 100 Mo. 250; Sheridan v. Nation, 159 Mo. 41. But it does not follow that, therefore, no motion for new trial, arrest of judgment, nor exception to the action of the court, must be made to entitle a party to a review in the appellate court. The plaintiff cites us to Daniell's Chancery Practice, sec. 2, p. 1471; Black v. Lamb, 12 N. J. Eq. 110, 111, 112, 113. We admit the force of those authorities, but we are bound to follow the authority of our own State adjudications on the question.

The latest decision of our Supreme Court upon the question was rendered by Judge SHERWOOD in Ryan v. Growney, 125 Mo. 475, which was an equity case. The language of the court is as follows: "Exceptions to the rulings of the trial court upon motions for new trial and in arrest of judgment must be saved at the time and preserved in the bill of exceptions, to entitle such ruling to be reviewed on appeal, . . . and without such exception thus taken and saved, the so-called bill of exceptions becomes as 'sounding brass or a tinkling cymbal.' In such cases, in contemplation of law there is no such motion." There can be no doubt what the court means. There is no room left for quibbling. In the case of Erskine v. Loewenstein, referred to in another branch of the

case, Judge PHILLIPS lays down precisely the same rule, and it is hard to perceive why a different rule would be required in an equity case from that in a common-law proceeding. State ex rel. v. St. Louis Circuit Court, 41 Mo. 574.

It is, however, claimed that notwithstanding the pleading is called a supplemental petition, it is in truth merely a motion, and as such there was no necessity for filing a motion for new trial or motion in arrest of judgment, or taking an exception to the action of the court in its final ruling, in order to have the case reviewed on appeal. In Parker v. Waugh, 34 Mo. 340, which was on a motion to require the sheriff to pay certain execution out of certain funds in his hands, the point was made that there had been no motion for new trial in the case, and consequently the Supreme Court could not review the findings of the trial court. But the court held that it was not necessary to have a motion for new trial in such cases. In Johnson v. Latta, 84 Mo. 143; Slagel v. Murdock, 65 Mo. 522, and the City of St. Louis v. Brooks, 107 Mo. 380, it was held that the motions in question were mere adjuncts to the original proceedings, and motions for new trial were not deemed necessary.

But there is another class of motions which are held not to be mere adjuncts to the original case, but which are treated as independent proceedings, where a motion for a new trial is required in order to authorize a review by the appellate court. In Erskine v. Loewenstein, 82 Mo. 305, which was a motion for judgment against a stockholder of an insolvent company in which it was held that it took the place under the statute, of a suit in equity; and in Steele v. Steele, 85 Mo. App. 222, on a motion for alimony, the court ruled that a motion for a new trial was necessary in order to have a review on the facts on appeal.

But in every case which we have examined, and where the question was raised, the rule is clearly laid down that there must be an exception to the finding of the trial court.

In Erskine v. Loewenstein the language of the court was: "The refusal of the court to grant the motion is a finding of the issue for the defendant. The remedy for the error of the court in making such finding is by motion for new trial and exception at the time, to the action of the court in overruling this motion." In City of St. Louis v. Brooks, supra, although it belonged to that class of motions that did not require, after a finding by the court, a motion for new trial, yet it was held a bill of exceptions may be taken upon the rulings on the motion, and that an exception was necessary. The language of the court is emphatic, viz.: "The fact, however, that a motion for new trial is unnecessary, does not dispense with the necessity of taking the exceptions at the proper time. The exceptions must be taken at the time the ruling complained of was made, the same as in other cases. This is the settled practice and ought not to be disturbed." The language in these cases is unequivocal, and as they are the latest ruling of the Supreme Court on the question, we are bound by them.

As we find there is no error in the record proper, the cause is affirmed. All concur.