EMMETT HINKLEY, RESPONDENT, v. I. C. LITTLE, APPELLANT.—157 S. W. (2d) 545.

Kansas City Court of Appeals.   December 1, 1941.

*Henry S. Janon* and *Ernest A. Brooks, II,* for appellant.

820

*Cyril G. Baucke* and *Walter J. Gresham* for respondent.

SHAIN, P. J.—From the printed abstract of the record, filed by the appellant herein, we conclude that there was a default judgment for $750 actual and $250 exemplary damages, against him and in favor of respondent, had and entered in the Circuit Court of Johnson County, Missouri, on July 22, 1940. Further, that on October 2, 1940, appellant filed motion to quash writ of execution and writ of garnishment issued. No disposition as to such motion is shown, and the motion itself is not included in the record.

It is further shown that on October 26, 1940, that appellant filed what purports to be an "Amended Motion to Set Aside Said Judgment Granted on July 22, 1940." It further appears that on said day the said motion was taken up and submitted to the court and the same was overruled. It is further shown that on the same day appellant, defendant below, filed motion for new trial on aforesaid motion. It is further shown that motion for new trial was taken up on December 21, 1940, and disallowed.

It is further shown that on February 24, 1941, a certified certificate of judgment-transcript was filed in this court. There is no showing, either in the printed abstract or in the certified transcript, that shows that any objection or exception was ever made, or had concerning any ruling made by the trial court.

As the showing made by all records before us fails to show any exceptions to any ruling of the trial court, we are confronted with the fact that when a question arises on a motion in a case, the same is not reviewable on appeal unless an exception appears to have been saved. [Lilly v. Menke, 92 Mo. App. 354; Pickel v. Pickel, 176 Mo. 673.]

There are other reasons than above deductable from the record before us that would justify a final determination of the appeal herein. However, the above reason is all sufficient.

For the reason that under the showing made herein, the motion to set aside judgment was filed in time to give application to the provisions of Section 1267 of Revised Statutes of Missouri, 1929, wherein this court has the right to set aside a judgment based upon irregularity on the face of the record, and for the further reason that the

certified transcript filed by the clerk of the court herein is a full and complete transcript, pleading included, of the case in which the judgment complained of was rendered and also a transcript of proceedings to set aside, confusion is brought into the case that we deem justifies further comment. It is manifest that the respondent as well as appellant joins in the conclusion that in a review herein this court must base its conclusions upon the whole proceedings to-wit: Proceedings in trial wherein judgment was had and proceeded under motion to set aside. The above is conclusive from the fact that the respondent in a motion to dismiss the appeal bases same on grounds that appellant's abstract does not correctly show the record of proceedings of the circuit court. The respondent refusing to supply the full record points out, among other things, to-wit:

"There appears of record in the office of the Circuit Clerk of Johnson County the return of the sheriff of said county to the process issued in said cause, showing personal service of summons on defendant I. C. Little in said county on February 6, 1940, and return of *non est* as to defendant A. B. Payne."

Further:

"Evidence offered at the time of the trial, heard by the trial court and referred to in the judgment entry, showing that the assault complained of took place on January 12, 1940, and could have occurred at no other time, which evidence was taken down by the court reporter and was available to appellant for the purpose of a bill of exceptions."

The appellant, in the motion to set aside judgment, alleges as to irregularities patently appearing upon the face of the record. The appellant evidently includes and alleges as to irregularities in the original suit in which default judgment was had.

As there was never an appeal taken from the default judgment of July 22, 1940, the mere fact that the clerk of the circuit court did on February 11, 1941, include a transcript of the proceedings, wherein default was had, in the certified judgment-transcript of the proceeding on motion to set aside, appealed from, cannot be construed as calling for action based upon any irregularity patent upon the fact, if any, in the proceedings of July, 1940, wherein no appeal was taken.

The only matter before us for review is that contained in the transcript record of the proceedings on motion appealed from. We find no irregularity, patent or otherwise, in the record of the proceedings from which the appeal herein was taken.

The perplexities arising in the review of the case are somewhat novel. By diligent research on the part of members of the court, we find but one reported case in Missouri which completely states the conclusions and reasons for conclusions that should be reached herein and we feel justified in quoting same in full.

In Salisbury v. Wright et al., 35 Mo. 481, 482, DRYDEN, J., delivered the opinion of the court which, in full, is as follows:

"In this case the defendants below moved the court to set aside the judgment by default, because of the insufficiency of the service of the process on two of the defendants. The refusal of the court to sustain his motion is the only error assigned. The decision upon the motion was not excepted to. There is no bill of exceptions in the record. There is therefore no ground for the interference of the court. Let the judgment be affirmed. Judge DAY concurs."

This opinion, handed down in 1865, seems to have escaped research, as in no text citation do we find the same cited or mentioned.

Concluding as we do from the showing of the record herein, that the trial court's actions in overruling the motion to set aside is all that is presented to us for review, then in view of the fact that there was no exception saved to the action of the trial court there are no grounds for the interference of this court and, as to action on said motion, the judgment overruling said motion should be affirmed, and it is so ordered. All concur.